324 So.2d 369 (1975)
STATE of Louisiana
v.
Billy CHAFFIN.
No. 56627.
Supreme Court of Louisiana.
December 8, 1975.
Rehearing Denied January 16, 1976.
*370 John Saunders, Mamou, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Alfred R. Ryder, Dist. Atty., Errol D. Deshotels, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant, Billy Chaffin, was charged by bill of information with possession of marijuana with intent to distribute, in violation of R.S. 40:966A. He was convicted in a jury trial on March 26, 1975 and subsequently sentenced to imprisonment for a term of five years and a day. On appeal he relies on five assignments of error.

Assignments of Errors Nos. 1, 2 and 3
The defendant filed a pre-trial motion to suppress certain evidence seized from his residence and vehicle pursuant to a search warrant. To the trial judge's denial of the motion to suppress the evidence, defendant assigns these errors.
The attack on the search warrant is three-pronged, defendant contending (1) it does not contain probable cause for its issuance because it contains nothing about the reliability of Larry Duplechan; (2) it does not contain probable cause for its issuance because it is based on stale information; (3) the warrant did not properly describe the place to be searched.
*371 Article 162 of the Code of Criminal Procedure states:
"A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
"A search warrant shall include a reasonable description of the things to be seized. When a warrant authorizes the search of a place, it shall designate the place to be searched. When a warrant authorizes the search of a person, it shall name or describe the person to be searched."
It is well settled that the affidavit must recite facts establishing to the satisfaction of the judge, not the affiant, that probable cause exists for the issuance of the search warrant. State v. Flood, 301 So.2d 637 (La.1974); State v. Paciera, 290 So.2d 681 (La.1974).
The factual information which is the foundation for the determination of probable cause must be contained in the affidavit. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Mere suspicion or belief is not sufficient to establish probable cause. State v. Wells, 253 La. 925, 221 So.2d 50 (1969).
With these principles in mind, the recitals of the affidavit which served as the basis of the application for the search warrant and its subsequent issuance must be examined. The affidavit in its entirety states:
"The reason and facts for the request of this Search Warrant are: While working as a Deputy Sheriff for the Sheriff of Allen Parish as an undercover agent, I met Billy Chaffin of Kinder, La. From information received from the Sheriff's office of Allen Parish, and information I received personally from various persons in Kinder, La., Billy Chaffin was suspected to be a distributor of marijuana and other controlled Dangerous substances. Because of this information, the Sheriff's Office of Allen Parish assigned me to watch the residence of Billy Chaffin, which residence is described above, in Kinder, Allen Parish, La., which residence is occupied by Billy Chaffin's father, and where Billy Chaffin resides, and I then proceeded to keep the Billy Chaffin residence under surveillance. I started writing down the names of persons visiting Billy Chaffin's home and writing down their vehicle license numbers. After a few days the Sheriff's Office advised me to write down the date, time, vehicle make and model and license numbers and on June 1, 1974 I started doing this, and I attach hereto and make a part of this affidavit the information I obtained while keeping the Billy Chaffin home under surveillance. On the date of July 6, 1974 at approximately 8:10 P.M. I met Larry Duplechan of Kinder, La. and asked him if Billy Chaffin could get me a bag of marijuana that Larry had told me earlier that he would try to get for me. About 8:25 P.M. Billy Chaffin drove up and parked beside Larry, and Larry got in Billy's car and a few minutes later Larry got back in his car. I went back to my trailer and Larry arrived at my trailer at 8:35 P.M. and as he entered the trailer he handed me a bag of what I suspected to be marijuana and I paid Larry $10.00 for the suspected marijuana. I then placed the bag of suspected marijuana in an evidence envelope and later I gave it to Deputy Sheriff Floyd Case. Attached hereto and made a part of this affidavit is my statement of this purchase dated July 6, 1974. I have worked as an undercover agent before for about 15 months and during this time I obtained evidence in numerous cases which evidence was used to convict persons of crimes involving controlled dangerous substances. I have testified in court for trial in prosecution of violations of Controlled Dangerous Substances in the Parish of East and West Carroll, Caddo, *372 DeSoto and they resulted in convictions or pleas of guilty."
The first argument that the affidavit fails to state sufficient facts to satisfy the probable cause requirement because nothing is said about Duplechan's reliability is without merit. The affidavit states that the affiant herself, after asking Duplechan to see if Chaffin could obtain a bag of marijuana for her, witnessed Chaffin drive up beside Duplechan's car, Duplechan get out of his car and get into Chaffin's, and shortly thereafter return to his car. Ten minutes later, at the affiant's trailer, Duplechan turned over a bag of marijuana to her. Duplechan's reliability is not necessary to establish probable cause since he was acting in response to affiant's request to obtain marijuana from Chaffin. What the affiant saw, while perhaps short of establishing guilt beyond a doubt, was consistent with guilt and established probable cause. State v. Paciera, supra; State v. Hightower, 272 So.2d 363 (La.1973).
Defendant also contends that there was no probable cause for issuance, because the information was "stale," in that the warrant issued fifty days after the alleged July 6, 1974 transaction. We cannot agree.
The remoteness of the facts used to justify the issuance of a search warrant must be considered in light of the facts and circumstances of each case. State v. Flood, supra. In Flood, we upheld a warrant issued eighty-three days after the alleged crime. Here, surveillance of Chaffin's residence for drug-related activity continued after the July 6, 1974 incident. (Evidence of surveillance, submitted with and made a part of the affidavit, indicated that the investigation of drug-related activity around the Chaffin residence continued at least until August 11, 1974). Moreover, the investigation of Chaffin was just part of a continuing parish-wide effort, culminating in the August 26, 1974 raids, aimed at reducing the illicit drug traffic in Allen Parish.
Affidavits must be tested and interpreted by magistrates and courts in a commonsense and realistic manner. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), cited with approval in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). In the instant case, considering all of the facts before the judge, the information was sufficiently recent so as to justify a finding of probable cause at the time the warrant issued. State v. Humble, 309 So.2d 138 (La.1975).
Finally, defendant alleges that the warrant did not properly describe the place to be searched. The warrant describes Chaffin's residence as "located on Fourth Street in Kinder, Allen Parish, La., being the second house on the East side South of the intersection with Third Ave. with a chain link fence around the house." In fact, Chaffin's house was the fifth house on the East side South of that particular intersection. Defendant alleges that this flaw is fatal to the warrant. We disagree.
The officers knew which house was in fact Chaffin's residence, since it had been under their surveillance for months prior to the raid. The right house was in fact searched. Moreover, no contraband was found in the house. All of the marijuana introduced into evidence at the trial was found in defendant's car, which was correctly described by make, model, color and license number. See U.S. v. Melancon, 462 F.2d 82 (5th Cir. 1972), cert. den., 409 U.S. 1038, 93 S.Ct. 516, 34 L.Ed.2d 487 (1972); State v. Lampkin, 253 La. 337, 218 So.2d 289 (1969).
Assignments of Errors Nos. 1, 2 and 3 are without merit.

Assignments of Errors Nos. 4 and 5
These assignments relate to alleged reversible errors occurring during the district attorney's closing argument to the jury. At one point in his closing argument the district attorney stated:
"The Louisiana law defines possession as follows: `Possession can be actual or *373 constructive. Actual possession of a drug is where a person has a drug in his physical custody. Constructive possession of a drug is where a person does not have the drug in his physical custody, but the drug is subject to his dominion and control.' All right, this was Billy Chaffin's car, it was found in his car, so he would have possession. Under the law, this is constructive possession."
Defendant did not ask for a mistrial, but simply requested a full instruction on the law. There is no allegation that the judge did not instruct the jury properly and completely on the law as it relates to possession of a controlled dangerous substance with intent to distribute. Therefore, there is no merit to defendant's contention that the prosecutor's remarks were so prejudicial as to constitute reversible error. State v. Elam, 312 So.2d 318 (La.1975).
Finally, defendant objected to the prosecutor's remark:
". . . He's saying young people use it. Some of them will try it and a few of them get hooked or maybe a lot of them get hooked. But the ones that do get hooked, they are hooked for life.. . ."
Defendant contends that the district attorney was going beyond the record, arguing a position that is contested by most medical authorities. Defendant contends that the argument appeals to emotion and substantially prejudiced him and therefore constitutes reversible error.
Without expressing any opinion as to the medical aspects of the issue, we cannot agree with defendant that he was so prejudiced by this remark that his conviction must be reversed for that reason. In State v. Dennis, 250 La. 125, 139, 194 So.2d 720, 725 (1967), we held:
"Under the jurisprudence of this Court, before a verdict approved by the judge is set aside on the ground of improper argument, this Court must be thoroughly convinced that the jury was influenced by the remarks, and that they contributed to the verdict. State v. Jackson, 227 La. 642, 80 So.2d 105."
No motion for a mistrial was made, nor was there any objection to the judge's instructions. Thus, we can only conclude that the error, if any, was not of sufficient magnitude to warrant a reversal. State v. Coates, 273 So.2d 282 (La.1973).
Assignments of Errors Nos. 4 and 5 are without merit.
Accordingly, the conviction and sentence are affirmed.