355 So.2d 897 (1978)
STATE of Louisiana
v.
Roy Lee VALENTINE.
No. 60459.
Supreme Court of Louisiana.
March 6, 1978.
Bruce M. Bolin, Fish & Montgomery, Minden, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., R. Harmon Drew, Jr., Asst. Dist. Atty., for plaintiff-respondent.
DENNIS, Justice.
On February 16, 1977 a Webster Parish Deputy Sheriff applied for a warrant to search the defendant's person and his residence *898 for controlled dangerous substances. In support of his application, the officer submitted the following affidavit, which, in pertinent part, recited:
"* * * On February 4th, 1977 at 6:45 PM, affiant met with a reliable confidential Informant in Webster Parish. Affiant searched Informant and determined Informant had no money nor controlled dangerous substances on his person. Affiant gave Informant a ten dollar bill, a five dollar bill and five one-dollar bills and told Informant to go to Roy Lee Valentine's residence and ourchase [sic] a lid of marihuana [sic] from Roy Lee Valentine whom Informant knows. At 6:52 PM, February 4th, 1977 Affiant let Informant out of Affiant's vehicle approximately two blocks from Valentine's residence. Affiant observed Informant go to the front of Valentine's residence and stand outside the door. At 7:10 PM, February 4th, 1977, Informant met with Affiant approximately three blocks from the residence of Valentine. Informant gave Affiant a plastic bag containing approximately one ounce of marihuana [sic], a five dollar bill and five one-dollar bills. Affiant agains [sic] searched Informant and determined Informant had no more money nor controlled dangerous substances on his person.
"Affiant has received reports from numerous sources that Roy Lee Valentine is distributing controlled dangerous substances from his residence on 5th SW Street, Springhill, La.
"Informant established his reliability by giving Affiant information on numerous occasions and particularly by giving information leading to the arrest of James C. Webb for the burglary of Arkin Brown's residence on Aug. 25, 1976.
"Therefore Affiant requests a Search Warrant to determine if controlled dangerous substances are located on/in the above described person and premises."
The search warrant was issued.
In executing the warrant the officer entered the premises and seized a quantity of marijuana and two musical instruments that he suspected had been stolen.
Defendant moved to suppress these items. The district court denied his motion, and defendant applied to this Court for writs of review and certiorari. We granted the writs to determine if the warrant had been issued without probable cause. La.Const. of 1974, Art. I, § 5.
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. La.C.Cr.P. art. 162.
In the instant case the affidavit seeks to establish probable cause to issue a warrant to search defendant's house and his person for marijuana. Yet the affidavit does not say that anyone has seen marijuana in either place. Apparently, the affiant intended to show that an unidentified informant purchased one ounce of marijuana from the defendant in his house. However, the affidavit does not establish that the informant actually entered the building, or that he obtained any marijuana from a person in the building, or that the defendant had anything to do with any transaction which may have occurred. Moreover, even if it could be assumed that the informant purchased one ounce of marijuana from the defendant in his house, the affidavit does not recite facts establishing that additional marijuana was located in the house or on defendant's person at the time of such transaction. Thus the affidavit also fails to establish probable cause to believe that any marijuana would be located in either place twelve days later when the application for a search warrant was presented to a magistrate. The vague reports received by the affiant from "numerous [unidentified] sources" that defendant was distributing controlled dangerous substances from his residence are general conclusions, not recitations of fact by credible persons, and do not, either independently or in combination with the other statements contained in the affidavit, establish cause for issuance of the warrant.
*899 Accordingly, the warrant was issued without probable cause, and the search and seizure made thereunder were unreasonable and unconstitutional. The judgment of the district court is vacated, and the defendant's motion to suppress is granted.
* * * * * *
SANDERS, C. J., and SUMMERS, J., dissent.