362 So.2d 486 (1978)
STATE of Louisiana
v.
Brent A. TURNIPSEED.
No. 61881.
Supreme Court of Louisiana.
October 9, 1978.
*487 Athena B. Piedrahita, Baton Rouge, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Ralph E. Tyson, Asst. Attys. Gen., Ossie B. Brown, Dist. Atty., Marilyn C. Castle, Asst. Dist. Atty., for plaintiff-relator.
CALOGERO, Justice.
Brent A. Turnipseed was charged by bill of information with possession of marijuana, a violation of R.S. 40:966. The marijuana found in his possession was seized in the execution of a search warrant issued upon the affidavit of an East Baton Rouge Sheriff's deputy relating information secured from an unnamed informant. In a motion to suppress the evidence seized, Turnipseed challenged the sufficiency of the affidavit which formed the basis for the issuance of the search warrant. After a hearing on the motion the district judge ordered suppression of the evidence. On application of the state, this Court granted writs to review the ruling. State v. Turnipseed, 356 So.2d 1388 (La.1978).
The only issue presented for the Court's determination is whether the affidavit sufficiently sets forth underlying facts and circumstances from which the magistrate might determine both the credibility of the informant and the information he is alleged to have related. These two determinations are prerequisites to a finding of probable cause, without which no warrant can issue. La.Const. Art. I, § 5, C.Cr.P. art. 162. In State v. Richards, 357 So.2d 1128 (La.1978), we noted our repeated recognition that probable cause exists when facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been committed, citing State v. Smith, 350 So.2d 1178 (La.1977) and numerous earlier decisions of this Court. The "two-pronced" test to determine both informant's and information's reliability to which we alluded earlier in this discussion was set forth in the United States Supreme Court's decision in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).
In fashioning guidelines for application of the rule of Aguilar and those of other United States Supreme Court cases governing determinations of the sufficiency of warrants, this Court in State v. Paciera, 290 So.2d 681 (La. 1974), determined that "[f]actors which support the credibility of an un identified informant include prior accurate reports [by the informant] or any specific independent corroboration [in the affidavit] of the accuracy of the instant report."
The chief dispute in the instant case is whether the assertions contained in the affidavit adequately establish a basis for finding the unnamed informant credible. The recitation in the affidavit bearing upon that issue describes the unidentified informant as follows: ". . . [A] confidential and reliable informant who has been working under the direct supervision of affiant for the past two (2) months, and who has provided information which has led directly to the arrest of at least four (4) persons on narcotics violations in East Baton Rouge Parish."
Turnipseed argues that the quoted content of the affidavit is insufficient to supply a basis for a finding that the informant *488 is credible. He urges that only the report of four arrests resulting from information reported tends to establish informant credibility and claims that the statement relating supervision has no bearing on the credibility determination to be made. Turnipseed maintains that arrests alone cannot satisfy the requirement of establishing the informant's credibility, especially in the absence of an assertion that the arrests were legal or that they did not all occur on one occasion (in which event it would be more like one "bust" or arrest than four).
The State takes the position that the recitation setting forth four arrests for narcotics violations as a direct result of information related, coupled with the statement establishing that affiant directly supervised the informant's work for the previous two months, adequately establishes the credibility of the informant.
We have previously found sufficient a warrant wherein the requirement of establishing informant credibility was met by virtually identical assertions. In State v. Thomas, 329 So.2d 704 (La.1976) the affidavit recited direct supervision of the reliable and confidential informant by the affiant for the previous six months and arrests of at least ten persons as a result of information the informant communicated. The temporal difference in the periods of supervision and the seeming difference in the number of resulting arrests does not dispose us to disapprove the warrant in this situation. We cannot say that recitation of prior arrests (notwithstanding the absence of an averment that they were legal or fruitful arrests, although that would certainly be preferable), coupled with the fact of direct and personal supervision of the unnamed informant by the affiant is insufficient to establish the reliability of the informant.
Mindful of our duty to accord great deference to the probable cause determination of the magistrate responsible for the warrant's issuance which dictates that doubtful or marginal cases be determined by the preference to be accorded to warrants, we are constrained to find that the affidavit's allegations were sufficient to support the magistrate's determination of credibility. State v. Paciera, supra.
The affidavit's content bearing upon the issue of the reliability of the information related by the informant states: ". . . [O]n or about March 5, 1977 he [,] being said informant[,] had been present at 10148 N. Havey Dr. Baton Rouge, La. and observed a large quantity of green vegetable substance to be present in the residence.. . . [I]nformant was offered an ounce of the above mentioned green vegetable substance identified as marijuana by a white male known only as Turnipseed, occupant of the residence for the price of ten dollars ($10.00) per ounce."
The quoted recitation sets forth sufficient facts to warrant the magistrate's determination that the information was reliable. The informant's direct personal observation of marijuana on the premises, related in some detail with reference to the date of the observation, adequately established the information's reliability. State v. Smith, 350 So.2d 1178 (La.1977).
Decree
Based on our finding that the affidavit here sufficiently sets forth probable cause upon which to base the issuance of a search warrant, we vacate and reverse the ruling of the district court sustaining the motion to suppress the evidence and remand the case for proceedings not inconsistent with this opinion.
TRIAL COURT RULING REVERSED; REMANDED.
Dennis, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
I agree with the trial judge that merely working under supervision of a police officer for two months and providing information that leads to the arrest of four persons does not establish an unidentified informer's credibility.
State v. Thomas, 329 So.2d 704 (La.1976) is not authority for the holding herein because it did not involve an attack upon the affidavit's showing of an informer's credibility.