376 So.2d 99 (1979)
STATE of Louisiana
v.
Joseph J. MORGAN.
No. 64472.
Supreme Court of Louisiana.
October 8, 1979.
Rehearing Denied November 1, 1979.
*100 Frederick J. King, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon A. Picou, Jr., Dist. Atty., William E. Woodward, Asst. Dist. Atty., A. Z. Butterworth, Sp. Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Joseph J. Morgan was charged with production of marijuana, a controlled dangerous substance, in violation of R.S. 40:966. He was tried before a twelve man jury and was convicted on October 12, 1978. He was sentenced to three years at hard labor, sentence suspended, and placed on probation for three years on the condition that he pay a fine of $1750.00 within two years and that he serve one year in parish prison. The trial court reserved the right to amend the jail term to require the defendant to use his journalistic skills in public, civic or educational service to the State of Louisiana. The defendant is before this court on appeal.
The defendant preserved four assignments of error, all of which he argued in his brief submitted to this court. Because of our disposition of the issues raised by the second assignment of error, discussion of the other assignments is unnecessary.
The defendant assigns as error the trial court's denial of a motion to suppress evidence seized as a result of a search of his house and land. The defendant challenges the validity of the warrant authorizing the search, claiming that the affidavit in application for the warrant failed to state probable cause within its four corners.[1]
A search warrant may be issued only upon an affidavit reciting facts establishing to the satisfaction of the judge who issues *101 the warrant that probable cause exists to search the premises for the object sought. State v. Boksham, 370 So.2d 491 (La.1979); State v. Paciera, 290 So.2d 681 (La.1974). Probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Boksham, supra; State v. Koncir, 367 So.2d 365 (La.1979); State v. Turnipseed, 362 So.2d 486 (La.1978); State v. Richards, 357 So.2d 1128 (La.1978).
In the instant case the only factual allegation supporting probable cause was that "marijuana was observed growing near said dwelling by Dy. B. R. Travis." That allegation is not sufficient to support the issuance of a search warrant under the requirements stated above.
The affidavit failed to state when Deputy Travis observed the growing marijuana. There was therefore no factual basis presented from which the trial judge could infer that the marijuana was on the property in question at the time of the issuance of the warrant. As this court noted in State v. Loehr, 355 So.2d 925, at 926 (La.1978):
". . . In State v. Thompson, 354 So.2d 513 (La.1978), we held that an affidavit which fails to make any reference to the time when the events took place, and which is phrased in the past tense does not provide the magistrate with sufficient facts to determine that probable cause to search exists at that time. . ."
In the present case there was no indication in the affidavit that the deputy's observation had been so close in time to the issuance of the warrant as to allow the magistrate to infer that contraband was on defendant's "grounds" or in his "dwelling" or "outbuildings."
Further, the affidavit was more fundamentally defective; it failed to connect the defendant or his property in any way, other than physical proximity, to the marijuana. The record indicates that there were other houses, including that of the defendant's father, which were in reasonable proximity to the growing marijuana. The affidavit disclosed no reason to connect defendant's premises with marijuana; "growing near said dwelling" does not lead to the conclusion that "said dwelling" is in any way connected with the marijuana. There was no indication that the defendant was observed engaging in any activity related to the marijuana. Nor was there any indication that any marijuana was actually located on the defendant's property. The bare statement that marijuana was seen growing near the defendant's property did not support probable cause to believe that marijuana was to be found on that property.
Since the affidavit did not establish probable cause for the issuance of a search warrant, the trial court erred in denying the defendant's motion to suppress and in admitting the evidence yielded by the search.
The judgment on the motion to suppress is reversed, and the motion is granted; the defendant's conviction and sentence are reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
DENNIS, J., concurs and assigns reasons.
MARCUS, J., dissents.
DENNIS, Justice, concurring.
The majority holds that the affidavit, in stating that "marijuana was observed growing near said dwelling," was fundamentally defective, failing to connect the defendant or his property to the marijuana. I disagree. Affidavits for search warrants are to be reviewed and interpreted in a common sense and realistic fashion. State v. Kaercher, 362 So.2d 754, 757 (La.1978) and cases cited therein. A common sense reading of this affidavit would permit the magistrate to infer that the marijuana was on the defendant's property. However, I concur in the majority's result because the magistrate, without facts in the affidavit showing the quantity of the marijuana or *102 how recently it was seen growing near defendant's house, did not have probable cause to believe that any marijuana was growing at the house when the warrant was issued.
NOTES
[1] The application for the search warrant stated, in pertinent part:

"BEFORE ME, William F. Kline, Jr., Judge of the Twentieth Judicial District Court in and for the State and Parish aforesaid, personally appeared W. M. Daniel, Deputy Sheriff in and for the Parish aforesaid, who, being duly sworn by me, deposed and said:
THAT probable cause does exist for the issuance of a search warrant authorizing the search of dwelling, outbuildings and grounds immediately surrounding dwellings and outbuildings, occuppied (sic) by Joey Morgan located at Rt 5 Box 385-B Wakefield, La. on La. 421 where a control (sic) dangerous substance is located to wit: marijuana is (are) believed to be secreted or concealed, and such probable cause is based upon the following: marijuana was observed growing near said dwelling by Dy. B. R. Travis . ."