PER CURIAM.
Defendant is charged in separate infor-mations with two counts of receiving stolen things in violation of La.R.S. 14:69. The authorities seized the items allegedly involved, a diamond ring and a quantity of the drug butisol, from defendant’s residence under authority of a search warrant executed on March 7, 1979. The defense challenged that seizure below by way of a motion to suppress. The trial judge denied the motion on October 11, 1979. We granted defendant’s application for supervisory writs to review that judgment. We now reverse.
The warrant in this case issued for the search of defendant’s residence and three cars located on the premises. Its supporting affidavit reads as follows:
On the date of 3/6/79 and 3/7/79 the [affiant] received a written statement from a C.I. stating that he has observed *1208 one Timmy Morman, occupant of # 20 Glenwood Dr., Harahan, La. to be in possession of a stolen article to wit: one 2¼ kt. diamond set in a 6 point gold colored Tiffany Setting. This ring is the object of a residence burglary occurring at 741 Ashlawn Dr., on 2-21-79. This ring is valued at $7,000.00.
The defense challenges the validity of the warrant, claiming that the affidavit wholly fails to establish probable cause for the subsequent search.
We have repeatedly cautioned that a search warrant may be issued only upon an affidavit reciting facts establishing to the satisfaction of the judge who issues the warrant that probable cause exists to search the premises for the object sought. State v. Morgan, 376 So.2d 99 (La.1979); State v. Boksham, 370 So.2d 491 (La.1979); State v. Paciera, 290 So.2d 681 (La.1974). Probable cause exists when the facts and circumstances within the affiant’s knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Morgan, supra; State v. Boksham, supra; State v. Turnipseed, 362 So.2d 486 (La.1978).
In State v. Paciera, supra, this Court also emphasized that “[t]he affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him.” See also State v. Hysell, 364 So.2d 1300 (La.1978); State v. Boksham, supra; State v. Koncir, 367 So.2d 365 (La.1979).
Judged against the standards established by this Court, the warrant in this case fails in almost all respects. The informant here is not a named or identified individual, compare State v. Greenwald, 369 So.2d 1317 (La.1979), but an anonymous tipster. The affidavit alleges that he personally saw the stolen items in defendant’s possession, indication enough he came by his information in a reliable way. State v. Paciera, supra; State v. Anderson, 357 So.2d 547 (La.1978). Nonetheless, the warrant makes no attempt to support the reliability of the informant himself.[1] It makes no allegation that he had supplied accurate information in the past, whether or not that information led to arrests or convictions. State v. Weinberg, 364 So.2d 964 (La.1978); State v. Roach, 322 So.2d 222 (La.1975). Nor does it corroborate the information in sufficient detail by independent means. Reference in the affidavit to a police report clearly indicates that police investigation had discovered the fact of the burglary on February 21, 1979 and the loss of at least the ring, important considerations in any probable cause showing. State v. Collins, 378 So.2d 928 (La.1979); State v. Johnson, 363 So.2d 684 (La.1978). That information alone, however, in no way touched upon a reasonable belief as to defendant’s involvement in the offense, apart from the information supplied by the informant’s tip itself.
Moreover, even had the informant’s tip met the two-fold requirement of State v. Paciera, supra, we would still find the warrant crucially deficient. In State v. Loehr, 355 So.2d 925, 926 (La.1978), this Court em *1209 phasized that “[i]t is fundamental that an affidavit upon which a search warrant is based must inform the issuing magistrate of underlying facts sufficient to support a determination that evidence of a crime is present on the premises to be searched.” In this case, the warrant contains not the slightest indication where the informant purportedly saw defendant in possession of the stolen ring, whether in defendant’s residence, or in any of the three vehicles included within the warrant’s scope, or elsewhere. Here, as in State v. Morgan, 376 So.2d 99 (La.1979), the affidavit thus presented no factual basis from which the magistrate could reasonably conclude that the sought after evidence was on the property in question at the time the warrant was issued.[2]
Accordingly, we reverse the judgment of the trial court and remand the case for proceedings not inconsistent with this opinion.
REVERSED.

. The defense indicates in brief that the informant may have been a juvenile also under arrest for possession of stolen property. Under the decision in United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), we have held that declarations against penal interest carry with them their own indicia of reliability. State v. Dazet, 378 So.2d 1369 (La.1979); State v. Welsh, 371 So.2d 1314 (La.1979). Even so, no allegation to that effect appears in the affidavit and none can save the warrant now. As we noted in State v. Daniel, 373 So.2d 149, 151 (La.1979), under La.C.Cr.P. Art. 162, “. . . all essential facts to support the issuance of the search warrant must be contained in the affidavit submitted to the magistrate . ” In any event, the parties stipulated below that the issue here would turn on the face of the affidavit.

. The defense also notes that the warrant fails to allege when the informant saw defendant in possession of the ring and argues staleness. We do not necessarily agree. Police investigation had fixed the date of the prior burglary on February 21, 1979. The informant’s tips came in on March 6 and March 7, some two weeks later. That interval may still appear sufficient to establish a probable continuing nexus between the place sought to be searched and the property sought to be seized, State v. Weinberg, supra, if that nexus has been established in the first place.