384 So.2d 367 (1980)
STATE of Louisiana
v.
Robert TRANUM.
No. 66410.
Supreme Court of Louisiana.
May 19, 1980.
Rehearing Denied June 23, 1980.
Frederick J. King, Jr., New Orleans, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Victor Ortiz, Asst. Dist. Atty., for plaintiff-relator.
ELLIS, Justice Ad Hoc.
We granted a writ application by the State to review a ruling of the district court judge who granted defendant's motion to suppress evidence which was obtained pursuant to a search and seizure conducted under the authority of a search warrant.
On October 9, 1979, defendant Robert J. Tranum was charged by bill of information with possession of marijuana, in violation of La.R.S. 40:967. Subsequent to his arraignment, defendant filed a Motion to Suppress Evidence, requesting the suppression of the seized marijuana because of the alleged invalidity of the search warrant authorizing *368 the search. It is contended that the affidavit supporting the request for the search warrant failed to show probable cause, within its four corners, that a crime was being committed or that evidence of any crime might be found within the premises sought to be searched therein. The trial court granted defendant's motion to suppress the evidence and the State has filed an application for writ of certiorari, assigning as error the granting of the Motion to Suppress the Evidence.
The search warrant application in this case consists of two pages of information obtained from a confidential informant's tip and police investigation. The affidavit alleges that this reliable informant entered defendant's apartment and observed a quantity of marijuana and pills in the residence. The informant observed the sale of these substances by defendant whom he knew only as "Bobby." The informant provided the officers with the address where he had observed the drugs, gave the officers the suspect's telephone number, and described the suspect's cars. He told the officers that papers he observed in the residence bore the name James R. Tranum.
Based upon this information the officers drove to the indicated address and observed the two vehicles described by the informant as belonging to "Bobby." A check of the license plates revealed that the cars belonged to a James R. Tranum and Richard B. Tranum. A telephone call to the number provided by the informant confirmed that "Bobby" lived at the residence they had called. These efforts served to partially corroborate some of the information provided by the informant.
A forty-five minute surveillance was then conducted of the residence where the drugs were observed. During this time, an unknown person approached the apartment carrying a paper bag folded underneath his arm. The person was admitted to the apartment and left a short time later with the paper bag then full. Approximately ten minutes later, the same person returned to the apartment and was again admitted. A short while later he left the apartment, carrying another bag, accompanied by another unknown subject. Based upon the above information, the officers applied for the search warrant.
Article 1, § 5 of the Louisiana Constitution of 1974 requires that a search warrant may issue only upon an affidavit establishing probable cause to the satisfaction of the judge issuing the warrant. La.C. Cr.P. Art. 162. To establish probable cause, the affidavit must state facts and circumstances within the knowledge of the affiant based on reasonably trustworthy information which would be sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Morgan, 376 So.2d 99 (La.1979); State v. Boksham, 370 So.2d 491 (La.1979); State v. Koncir, 367 So.2d 365 (La.1979).
In State v. Paciera, 290 So.2d 681 (La.1974) this Court recognized the following standard to be applied in evaluating affidavits based on an informant's tip:
"... The affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an unidentified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the creditability of the information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and of the indirectlyobtained information."
See also Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); State v. Nelson, 381 So.2d 477 (La.1980). The magistrate's probable cause determination must be based solely upon the information contained within the four corners of the affidavit. *369 State v. Wells, 253 La. 925, 221 So.2d 50 (1969); State v. Daniel, 373 So.2d 149 (La.1979).
The trial court found the warrant to be based solely on the informant's tip. The judge concluded that the forty-five minute surveillance was insufficient to corroborate the information from the unidentified informant. Defendant argues that the affidavit fails the "two-pronged test" which the U.S. Supreme Court set forth in Aguilar, supra. In Aguilar, the Court held:
"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, [11 L.Ed.2d 887,] was `credible' or his information `reliable.'"
The "tip" was used upon personal observation by the informant of the sale of illicit drugs at 4219 Dumaine Street. The affidavit alleges that the unnamed informant had provided information in the past which was instrumental in the arrest and conviction of narcotics violators. State v. Hysell, 364 So.2d 1300 (La. 1978). Thus the warrant application provides factors which support the credibility of the informant, a requisite for the issuance of a warrant. La.C.Cr.P., Article 162. Additionally, the officers did make independent corroboration of the accuracy of the report, by verifying that the vehicles at the apartment met the informant's description and were registered in the name of Tranum; and verifying by phone call that a "Bobby" lived at the apartment.
This case has met the test under Aguilar. Under the tenets of La.C.Cr.P., Article 162, the requirements of probable cause have thus been established. It is unnecessary to reach defendant's claim that corroboration by the forty-five minute surveillance was insufficient to aid in laying a foundation for probable cause.
The ruling of the trial court is therefore reversed and set aside and the case remanded to the trial court for further proceedings in accordance with law.
REVERSED AND REMANDED.
DENNIS, Justice, additional concurring reasons.
I join in the majority opinion but feel that we should also address the defendant's argument that the information presented by the informant was too stale to support a finding of probable cause. The basis of the argument is that the warrant application states that the informant had seen drugs in the residence "within several days" of the time that the warrant was issued. According to the defense argument, this language presents the possibility of too long a time elapsing between the time that the informant saw the drugs in the residence and the time the warrant was applied for.
If there is too great a time lag between the observations of the informant and the time that the warrant is applied for then the information is said to be stale and will not support a finding of probable cause. State v. Thompson, 354 So.2d 513 (La.1978); State v. Bastida, 271 So.2d 854 (La.1973). The issue of staleness must be decided under the facts of each particular case. State v. Chaffin, 324 So.2d 369 (La.1976). The warrant application here recites that the informant saw quantities of drugs at the residence of defendant; that he heard the defendant tell one buyer that he could return any time to purchase more; that the defendant told the informant that any time he wanted to buy drugs all he had to do was ask; that police observed suspicious activity, of the sort often connected with drug distribution, prior to making the warrant application. In view of the circumstances the defense argument of staleness is without merit.