467 So.2d 37 (1985)
STATE of Louisiana
v.
Laurence F. FAIRBANKS.
No. KA-2578.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
Rehearing Denied April 26, 1985.
Writ Denied June 28, 1985.
*39 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., New Orleans, Harry F. Connick, Dist. Atty., Beryl M. McSmith, Julia Coley, Asst. Dist. Attys., New Orleans, for appellee.
Frederick J. King, Jr., New Orleans, for appellant.
Before GULOTTA, SCHOTT and KLEES, JJ.
GULOTTA, Judge.
Defendant, convicted of possession of a controlled dangerous substance (cocaine), LSA-R.S. 40:967, claims the trial court erred in denying his motion to suppress evidence.
Before reaching the merits of defendant's assignments, we have reviewed the record for errors patent and have found none. Because the record contains no trial transcript, we cannot review the record for sufficiency of evidence. State v. Raymo, 419 So.2d 858 (La.1982).

FACTS
Defendant was arrested on September 8, 1983, while visiting Michael Mohr's residence at 446 Elmira Street, New Orleans, Louisiana. The arrest was made in connection with the issuance of a search warrant for that address. Four persons, including Mohr and defendant, were arrested and a large quantity of narcotics, including marijuana and cocaine, was seized.
Prior to trial, the defendant's motion to suppress the seized evidence was denied by the trial judge. It is this denial which forms the basis of this appeal.

ASSIGNMENT OF ERROR 1
Defendant claims the affidavit used to obtain a search warrant failed to state probable cause "within its four corners".
A search warrant may issue only upon probable cause established to the satisfaction of the judge by the affidavit of a credible person, reciting facts establishing the cause for the issuance of the warrant. LSA-C.Cr.P. Art. 162. Probable cause exists when the facts and circumstances within the affiant's knowledge are sufficient to support a reasonable belief that an offense has been committed and evidence or contraband may be found at the place to be searched. State v. Morris, 444 So.2d 1200, 1202 (La.1984). Furthermore, the factual information which is the foundation for the determination of probable cause must be contained in the affidavit. State v. Bruno, 427 So.2d 1174, 1178 (La.1983).
The affidavit supporting the request for the search warrant, in pertinent part, reads as follows:
"Det. Andrew Pellegrin and Det. Kenneth Trauth assigned to the 4th Dist. M.C.I. unit received information from a confidential Informant who in the past has supplied information which has resulted in the arrest and conviction of several narcotic's violator's [sic]. The informant stated that he was present at the above described residence when the Occupant's [sic] of this residence transacted several Narcotic's [sic] sales involving Cocaine, Marijuana, and L.S.D.
"On Friday September 2, 1983 and Saturday September 3, 1983 Det. Andrew Pellegrin and Det. Kenneth Trauth conducted a Surveillance of the above described residence, and within a 2 Hour period on both day's [sic] the Dets. observed a Minimum of 10 People knock on the door of the residence enter and leave in less than a minute. On one occasion Dets. [sic] Pellegrin and Det. Trauth observed a Young White Male knock on the door of the resedence [sic] and while in the door way the Young white male handed a White Male subject in the residence what appeared to be currency and in return *40 was given a clear plastic bag containing an unknown substance."[1]
Defendant, citing State v. Loehr, 355 So.2d 925 (La.1978), State v. Thompson, 354 So.2d 513 (La.1978) and State v. Morgan, 376 So.2d 99 (La.1979), contends the affidavit fails to establish probable cause because it lacks a time reference regarding both when the confidential informant observed the alleged narcotics transactions, and when he relayed that information to the affiant.[2] Furthermore, defendant argues the independent surveillance in itself was not sufficient to establish probable cause.
The Louisiana Supreme Court in Thompson, supra, stated:
"The absence of a date for each episode described in the affidavit is not fatal, however. The language of the affidavit, including the use of the present tense, indicates that the affiants are describing a course of conduct continuing to the date of the warrant. Such an affidavit has been held to be adequate if, in a common sense construction, it can be said from the face of the affidavit that the information received by the affiant was current and not stale."
In the instant case, the confidential informant's observations of past narcotic transactions are not dated and are written in the past tense. However, the dated surveillance of September 2 and 3, 1983 by the affiant/officer definitely presents a pattern of conduct (i.e. the less than a minute visits to 446 Elmira Street address by a minimum of 10 people within a two hour period on each day of the surveillance, and the apparent transfer of currency in return for a clear plastic bag containing an unknown substance) which supports a reasonable belief that narcotic transactions were "continuing to the date of the warrant". Consequently, from the face of the affidavit, we feel that a "commonsense construction" would indicate that the information received was current.
In addition, although the mere observation of people approaching and leaving the residence and the observation of conduct consistent with a drug transaction is not in itself sufficient to support a finding of probable cause, it is the "totality of the circumstances" set forth in the affidavit and not each fact alone which must establish whatever probable cause exists. Massachusetts v. Upton, ___ U.S. ___, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984); Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
Viewing the affidavit as a whole and in a "commonsense manner", we are of the opinion that it supports a reasonable belief that the residence of 446 Elmira Street was involved in drug transactions and thus states probable cause within its four corners. We find this assignment without error.

ASSIGNMENT OF ERROR 2
Defendant alleges the evidence seized should have been suppressed as the product of an illegal search because the affiant included intentionally false and/or misleading statements in his affidavit.
An affidavit supporting a search warrant is presumed to be valid and defendant has the burden of proving that the representations in the affidavit are false. State v. Brannon, 414 So.2d 335, 337 (La.1982).
However, if the defendant proves that the statements contained in the affidavit are false, the burden then falls upon the State to prove their veracity. If the court decides against the State it must then determine if affiant's misrepresentations were intentional or unintentional. State v. Brannon, supra. Only upon a finding of unintentional misrepresentation must the statements be excised and the remainder tested for probable cause. On the other *41 hand, if intentional misrepresentations designed to deceive the issuing magistrate are made by the affiants seeking to obtain the warrant, the warrant must be quashed. State v. Williams, 448 So.2d 659 (La.1984).
Defendant asserts that the following statement contained in the affidavit was false:
"To further substantiate this warrant, a Resident of the above described Premises was the victim of a Kidnapping several month's [sic] ago, the resident Mike Spencer. An Arrest was made in this Kidnapping and the person who perpetrated this Offense stated the Reason he perpetrated the Offense is because he knew the Resident Thomas Spencer alway's [sic] kept a Large amount of Cocaine in his residence and the reason he knew this was because he had purchased it from Spencer before."
Based on the testimony taken at the Suppression Hearing, the trial judge concluded the statements were not intentionally made to mislead the magistrate who issued the search warrant. The relevant line of questioning from the Suppression Hearing is as follows:
"Q. In connection with the statement that you were shown regarding the alleged kidnapping, do you recall whether or not that statement included any reference to addresses?
"A. I couldn't recall. I'm sure there was some in there but I didn't read it in detail. I just more or less glanced at it.
"Q. Do you recall whether or not what you were shown made any mention whatsoever to 446 Elmira?
"A. I don't recall, sir.
"Q. Is it a fact that you did not include any address in your paragraph regarding the kidnapping because it was a completely diverse address from the one that you had sought the search warrant for?
"A. No sir, not at all. That was not my purpose.
"Q. Would you agree with me that the paragraph regarding the kidnapping suggests that the premises involved is 446 Elmira?
"A. No, sir, I wouldn't agree with that.
"Q. Would you agree with me that the way you have written the paragraph suggests that the premises you mentioned there is 446 Elmira.
MR. NEVITTE:
"I would object to that question.
THE COURT:
"I would overrule that.
BY MR. KING:
"A. That was not my intention, no, sir.
"Q. Would you agree with me that it suggests that the premises involved was 446 Elmira?
"A. It was not my intention.
THE COURT:
"Would you agree"?
THE WITNESS:
"No, sir, I would not agree."
This testimony considered, we cannot say that the trial judge erred in his determination or that his judgment was an abuse of discretion or clearly contrary to the evidence presented. State v. Klar, 400 So.2d 610 (La.1981).
Having so concluded, we affirm the conviction and sentence.
AFFIRMED.
NOTES
[1] Defendant claims that intentional misrepresentations were made in the affidavit, which make it defective. This question is considered in the treatment of defendant's second assignment of error.
[2] We factually distinguish our case from Loehr, Thompson, and Morgan because in those cases no time references were mentioned in the supporting affidavits.