ORTIQUE, Justice,
dissenting.
I would grant the application, reverse the judgment of the Fourth Circuit Court of Appeal, and reinstate the ruling of the district court granting the defendant’s motion to suppress evidence.
To uphold the actions of the New Orleans Police Department in this case would not merely do violence to the orderly pursuit of a just society, under Law, but would rent the very fabric of individual liberty, human dignity and personal security, with which we Americans are so proudly clothed. The expressed rationale of Officer Michael Glazer regarding the “kicking in of the door” at 1422½ Mazant, without any lawful authority whatsoever, puts the peaceful occupation of every “double house” or multiple housing structure in New Orleans, at risk.
Although the record indicates that the decision of the police officers to obtain a warrant for defendant’s residence was not influenced by their prior entry of the premises, which I believe occurred under non-exigent circumstances and was flagrantly illegal, the independent source doctrine does not dispense with the requirement that the police have probable cause for subsequent search under a warrant. Murray v. United States, 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). Nor does it relieve the police of their duty to avoid misleading the magistrate with affidavits which are misrepresentative by what they include or omit. State v. Lehnen, 403 So.2d 683 (La.1981).
The double hearsay tip relied upon by the police failed to state how the informant’s unidentified sources came by their information that the defendant had just received a new shipment of marijuana. See State v. Wilson, 366 So.2d 1328 (La.1978). In addition, the police did not connect the small amount of marijuana found inside the car they followed and stopped, after a brief visit to the double house the officers had placed under surveillance, with any sale of contraband from the defendant’s side of that residence. See State v. Valentine, 355 So.2d 897 (La.1978); compare State v. Bruno, 427 So.2d 1174 (La.1983). Apart from the substantial question of whether the failure of the police to include in the affidavit the negative results of their initial and unlawful sweep of the premises invalidated the warrant, State v. Lehnen, supra, the affidavit on its face does not provide probable cause for the search.