# UNITED STATES of America

v.

## James Elwood MORRIS, Jr.

### Cr. Nos. 180–31, 180–32.

United States District Court,
S. D. Georgia,
Augusta Division.

April 4, 1980.

---

J. Michael Faulkner, Asst. U. S. Atty., Augusta, Ga., for plaintiff.

Grace E. Evans, Asst. Federal Public Defender, Augusta, Ga., for defendant.

## ORDER ON DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED BY SEARCH WARRANT

BOWEN, District Judge.

Defendant James Elwood Morris, Jr. is charged in two indictments with armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) (1976). By pre-trial motion pursuant to Fed.R.Crim.P. 41(e) and 12(b)(3), defendant seeks to suppress evidence seized during the execution of a search warrant at defendant's residence.

The motion to suppress contains three assertions: first, that the affidavit before the Magistrate was insufficient to support a finding of probable cause; second, that the search of defendant's residence constituted an unlawful exploratory search; finally, that certain items were wrongfully seized from a locked jewelry box in defendant's residence.

## I

An initial point in considering the sufficiency of an affidavit is that the burden rests on the movant to persuade the Court that evidence obtained pursuant to a search warrant should be suppressed. *See United States v. Evans*, 572 F.2d 455, 486 (5th Cir.), *cert. denied*, 439 U.S. 870, 99 S.Ct. 200, 58 L.Ed.2d 182 (1978); 8 A *Moore's Federal Practice Manual* ¶ 41.09[4], at 41–149 (1979). This burden is not easily met. A judicial preference is accorded searches under a warrant. *United States v. Ventresca*, 380 U.S. 102, 106, 85 S.Ct. 741, 744, 13 L.Ed.2d 684 (1965). The supporting affidavit must be read in a commonsense manner, *id.* at 109, 85 S.Ct. at 746, and not subjected to hypertechnical scrutiny. *United States v. Williams*, 605 F.2d 495, 497 (10th Cir.), *cert. denied*, 444 U.S. 932, 100 S.Ct. 276, 62 L.Ed.2d 189 (1979). Accordingly, the issuing magistrate is not to be "confined by niggardly limitations or by restrictions on the use of their common sense." *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584, 591, 21 L.Ed.2d 637 (1969); *United States v. Chester*, 537 F.2d 173 (5th Cir. 1976), *cert. denied*, 429 U.S. 1099, 97 S.Ct. 1120, 51 L.Ed.2d 548 (1977). Marginal cases should be resolved in favor of the magistrate's determination of probable cause. *United States v. Allen*, 588 F.2d 1100, 1106 (5th Cir.), *cert. denied*, 441 U.S. 965, 99 S.Ct. 2415, 60 L.Ed.2d 1071 (1979). The Fifth Circuit Court of Appeals has stated on several occasions that the magistrate's determination "is conclusive in the absence of arbitrariness." *Id.; Bastida v. Henderson*, 487 F.2d 860, 863 (5th Cir. 1973).

Within this analytical framework, an affidavit, to support a finding of proba- ble cause, need only show " 'facts and circumstances . . . [which] would warrant a man of reasonable caution to believe that the articles sought were located' at the place where it was proposed to search." *United States v. Maestas*, 546 F.2d 1177, 1180 (5th Cir. 1977) (quoting *United States v. Rahn*, 511 F.2d 290, 293 (10th Cir. 1975)). In determining whether such a showing was made, this Court must base its conclusion solely on the facts and circumstances presented in the affidavit when the search warrant application was made. *United States v. Rios*, 611 F.2d 1335, 1347 (10th Cir. 1979).

The face of the affidavit at issue reveals the following: (1) The Augusta Federal Savings & Loan Association was robbed on January 10, 1980, by a lone black male described as about 5′7″, 160–170 lbs., middle 20s, no facial hair, dressed in an Army fatigue jacket and dark trousers. A red Chevrolet Impala with license ENP 435 was observed as the getaway car; (2) A branch of the Georgia Federal Savings and Loan Association was robbed on January 28, 1980, by a lone black male of similar description, but with the added feature of an earring in one ear. Surveillance photographs were obtained; (3) One of the victim tellers from the second robbery saw an individual thought to be the robber at a local shopping mall. A display of surveillance photographs was shown to the manager of a mall store who related information that the robber may be defendant. The manager also related that defendant wore an earring, and further supplied defendant's address; (4) Affiant observed a mobile home at the address given by the store manager. A red Chevrolet Impala with license NGL 435 was parked outside the mobile home which investigation revealed was registered to James Elwood Morris, the father of defendant. Defendant was described in arrest records as 5′7″, 145–165 lbs., born in 1956 or 1957 and residing at the mobile home; (5) The manager and an employee of the mobile home park told affiant that the surveillance photographs resembled defendant. Affiant was further advised that defendant

was experiencing financial troubles, but on January 10, 1980, a bad rent check was paid off in cash. Defendant's rent had not been paid in cash for at least a year; (6) A spread of photographs was shown one of the tellers present during the first robbery. Defendant, whose photographs was included in the spread, was identified as the perpetrator.

■ The affidavit certainly presents probable cause to arrest defendant. Yet probable cause for arrest does not necessarily constitute probable cause to search defendant's residence. *See United States v. Spearman*, 532 F.2d 132 (9th Cir. 1976). The affidavit in the instant case is challenged on the basis that it contains no "factual observations" that the items described in the warrant were at defendant's residence.

■ Direct observation is not essential to the existence of probable cause. *United States v. Rahn*, 511 F.2d 290, 293 (10th Cir. 1975). The affidavit need not state with certainty that the proposed search will yield the objects sought. *United States v. Trott*, 421 F.Supp. 550, 554 (D.Del.1976). The inquiry instead reduces to a standard of probabilities, that is, whether the magistrate could reasonably conclude that the items described in the warrant were probably at the residence. *United States v. Chester*, 537 F.2d 173, 176 (5th Cir. 1976), *cert. denied*, 429 U.S. 1099, 97 S.Ct. 1120, 51 L.Ed.2d 548 (1977). The probability is not negated by the possibility that the items might be elsewhere. *Id.*

Such a probability exists when sufficient nexus is shown between the items to be seized and the residence to be searched. Without direct observation, the appropriate indicia establishing this nexus include "the type of crime, the nature of the items sought, the extent of an opportunity for concealment and normal inferences as to where a criminal would hide [the instruments and fruits of the crime]." *United States v. Charest*, 602 F.2d 1015, 1017 (1st Cir. 1979).

■ Applying these criteria reveals that the items sought—a handgun, clothing, and money—are objects which might be expected to be kept at defendant's residence. *See United States v. Lucarz*, 430 F.2d 1051, 1055 (9th Cir. 1970). Defendant's residence is in close proximity to the crime sites; there is no question that defendant had ample opportunity to return home after the alleged criminal activities. Further substantiating the nexus was the presence of a red Chevrolet Impala (the license plate had the same last three numbers as the observed getaway car) parked outside defendant's residence.

Despite this showing, defendant argues that *United States v. Flanagan*, 423 F.2d 745 (5th Cir. 1970) and *United States v. Gramlich*, 551 F.2d 1359 (5th Cir.), *cert. denied*, 434 U.S. 866, 98 S.Ct. 201, 54 L.Ed.2d 141 (1977) mandate the search warrant's invalidation. In both *Flanagan* and *Gramlich*, the place of the crime was a significant distance from the residence searched. Unlike the present case, a reasonable inference of opportunity for concealment could not be made.

Viewed in a commonsense manner, the affidavit presented sufficient information before the magistrate to support a finding of probable cause to search defendant's residence for the items described in the warrant.

## II

■ The search of defendant's residence pursuant to the warrant was not an exploratory search. Of course the Fourth Amendment proscribes "exploratory rummaging in a person's belongings . . . ." *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971); *see Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976). The items to be seized must be particularly described in the warrant. *United States v. Davis*, 589 F.2d 904 (5th Cir.), *cert. denied*, 441 U.S. 950, 99 S.Ct. 2178, 60 L.Ed.2d 1055 (1979). Yet the degree of specificity is flexible and may vary with the circumstances. *United States v. Muckenthaler*, 584 F.2d 240, 245 (8th Cir. 1978).

 The items described in the search warrant were "a small black automatic handgun, a green Army fatigue jacket, white tennis shoes with dark inserts on sides, two $100.00 bills with known serial numbers, a brown ski cap, a check for $1,700.00 from Clein's Coin Shop drawn on C & S Bank." The inventory of items seized reveals one pair Nike tennis shoes, one green Army fatigue jacket, two blue ski caps, one maroon ski cap, two boxes of .25 caliber cartridges, one $50.00 bill, fifty $20.00 bills and one hundred $1.00 bills. Given the nature of an armed bank robbery and the type of items sought, it is unreasonable to require exact precision in a search warrant. The items seized sufficiently corresponded with the items described in the warrant.

### III

During the execution of the search warrant, law enforcement officers discovered a locked jewelry box. Without consent, the box was opened using a handcuff key. Money found inside was seized. Relying on *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) and *United States v. Johnson,* 588 F.2d 147 (5th Cir. 1979), defendant argues that a separate search warrant was required to permit seizure of the jewelry box's contents.

 The issue presented is whether "each intrusion into a separate private area must be independently supported and therefore [require] a separate warrant." *United States v. Callison,* 577 F.2d 53, 55 (8th Cir.), *cert. denied,* 439 U.S. 873, 99 S.Ct. 209, 58 L.Ed.2d 187 (1978). Both *Chadwick* and *Johnson* involved warrantless searches of personal property where no exigent circumstances existed. The search of defendant's residence, in contrast, was made pursuant to a valid search warrant; it was within the scope of judicial process. *See Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). A separate warrant to search the jewelry box in the residence would be based on the same circumstances underpinning the finding of probable cause to search defendant's residence.

The Fourth Amendment does not require an additional warrant in such situations. *See United States v. Callison, supra.* The rationale of the Tenth Circuit Court of Appeals applies: "[The Fourth Amendment does not require] an additional search warrant . . . for each container within a larger container when the warrant covers the search of the larger for a specified item." *United States v. Kralik,* 611 F.2d 343, 345 (10th Cir. 1979). The observance of a defendant's constitutional rights must be scrupulously total. However, it need not involve pedantry.

ACCORDINGLY, IT IS HEREBY ORDERED that the defendant's motion to suppress evidence obtained by the execution of a search warrant is, as to both of the cases captioned, DENIED.