406 So.2d 546 (1981)
STATE of Louisiana
v.
Thomas POREE.
No. 81-KA-0198.
Supreme Court of Louisiana.
September 8, 1981.
Concurring in Part and Dissenting in Part October 1, 1981.
Rehearing Denied October 9, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Robert Myers, Louise Korns, Asst. Dist. Attys., for plaintiff-appellee.
Matthew B. Collins and Calvin Johnson of Collins, Johnson & Volk, New Orleans, for defendant-appellant.
WATSON, Justice.[*]
Defendant, Thomas Poree, was convicted of armed robbery in violation of LSA-R.S. 14:64, by a ten to two jury vote. He was adjudged a second offender and sentenced to 198 years at hard labor. LSA-R.S. 15:529.1(A)(1). The issue on appeal is whether the trial court erred in denying Poree's motion to suppress evidence seized pursuant to a search warrant.
The warrant, dated June 21, 1979, authorizes a search of 639 N. Galvez Street in New Orleans and the seizure of: "$400 in U.S. Currency in various amounts or denominations; (1) `First National Bank of *547 Commerce' zipper money pouch color brown; (1) pr. of brown short pants; (1) unknown cal. grey colored revolver." The affidavit by a New Orleans police officer recites the following:
"At about 8:50 AM on 6-21-79 an Armed Robbery occurred at the `International Electrical Worker's Union Hall' located at 1806 Canal St. in Orleans Parish in which about $400.00 in U.S. Currency was taken at gunpoint from the cashier. This money was placed into a money bag described above and taken by the perpetrator a NM about 25 years old with a white jumpsuit. After the perpetrator fled, the jumpsuit was abandoned in the 200 block of S. Prieur St. in an attempt to change clothing. In addition he was sighted by a witness who saw him remove the jumpsuit before fleeing. The officers recovered the jumpsuit in which a checkstub was found in the pocket, apparently forgotten, by the name `Thomas Poree' which gave the officers a clue to the identity of the suspect. After obtaining personal records from the company involved the officers traced the stub to Thomas Poree who lived in the Lafitte Project at N. 639 Galvez St. and 615 N. Miro St. (N/M DOB 4-15-55. Offs. Johnson and P. Perrien then began searching for Poree finally spotting him within three hours of the robbery at the intersection of Orleans and N. Prieur Sts. Poree was taken into custody and brought back to the scene where he was positivly (sic) identified by the victim. Later two additional witnesses also positivly (sic) identified Poree as the perpetrator. The arrested subject was then charged at CIU with RS 14 Art. 64 Rel. to Armed Robbery $400.00.
"Through a conversation with Poree prior to booking, the officers believe the stolen money and change of clothing along with the weapon are stored in Poree's Project apt. It is respectivly (sic) requested that a search be warranted of Poree's residence in order that any and all evidence and stolen property may be recovered to aid in the prosecution of Thomas Poree for Armed Robbery."
The shorts and loaded revolver were found in the bedroom at 639 N. Galvez Street, approximately two blocks from the place Poree was arrested, and eight to ten blocks from the scene of the crime. Just over two hours elapsed between the robbery and Poree's arrest. The money was never recovered.
Poree contends correctly that the allusion in the affidavit to a conversation between him and the police is insufficient to establish probable cause to search his residence. The facts establishing probable cause for a search warrant must be contained within the four corners of the affidavit. LSA-C.Cr.P. art. 162; State v. Wells, 253 La. 925, 221 So.2d 50 (La., 1969); State v. Daniel, 373 So.2d 149 (La., 1979); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Since the contents of the officers' conversation with Poree are not contained in the affidavit, that conversation cannot provide probable cause. However, the remaining facts in the affidavit support a reasonable belief that the items might be found at Poree's residence.
Probable cause exists when facts and circumstances, within the affiant's knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Turnipseed, 362 So.2d 486 (La., 1978); United States v. Chester, 537 F.2d 173 (5th Cir. 1976); United States v. Damitz, 495 F.2d 50 (9th Cir. 1974).
The affidavit must show a sufficient nexus between the items to be seized and the place to be searched. Without direct observation, the appropriate connection may be manifested by the type of crime, the nature of the items sought, the extent of opportunity for concealment, and normal inferences as to where a criminal would be likely to hide the instrumentalities and fruits of the crime. United States v. Lucarz, 430 F.2d 1051 (9th Cir. 1970).
The items soughta handgun, clothing, money, and a money bagare objects *548 which one might expect to find at a person's residence. Poree's residence is close to the sites of the crime and his arrest; there was ample opportunity for him to return home after the crime, change clothes, and hide these items. United States v. Morris.[1] The affidavit, taken as a whole, contains sufficient facts to support a reasonable determination that probable cause existed to search defendant's residence. See State v. Baker, 389 So.2d 1289 (La., 1980); State v. Guidry, 388 So.2d 797 (La., 1980); United States v. Bowers, 534 F.2d 186 (9th Cir. 1976).
Although the affidavit for the warrant lists two separate residences for Poree, the record contains only one search warrant and it is for the Galvez Street address. The testimony taken at trial also does not indicate that any other search warrants were issued or that the Miro Street residence mentioned in the warrant was searched. However, in oral argument before this court and in supplemental briefs, it was suggested that a separate search warrant had been issued for the Miro residence. Defendant presented the additional argument that separate search warrants can not issue on the basis of one affidavit.
If there is adequate probable cause for the search of each place, and the places to be searched and the things to be seized are adequately described,[2] the general rule in the United States is that a single warrant may authorize the search of two or more places which are owned by or under the control of the same person, even if they are not physically adjacent to one another. Williams v. State, 95 Okl.Crim. 131, 240 P.2d 1132 (1952); Brown v. State, 239 Ind. 358, 157 N.E.2d 174 (1959); State v. Ferrari, 80 N.M. 714, 460 P.2d 244 (1969). A "separate warrant for each suspected place to be searched is not called for either by the letter or the spirit of the constitution, nor requisite for the protection of the public peace, or individual security. To require it would occasion useless delay and expense, and tend to defeat the salutary objects of the law." 2 W. Lafave, "Search and Seizure: A Treatise on the Fourth Amendment", Section 4.5(c), p. 83 (1978), quoting Williams v. State, supra. See also United States v. Olt, 492 F.2d 910 (6th Cir. 1974). If one affidavit is sufficient to search several places under one warrant, certainly one affidavit is sufficient for a search of several places under separate warrants. Even if there had been authorization to search both residences and it was later determined that probable cause existed only as to one, the warrant could be upheld as to the residence for which probable cause existed. People v. Hansen, 38 N.Y.2d 17, 377 N.Y.S.2d 461, 339 N.E.2d 873 (1975).
There was probable cause to search defendant's residence for evidence of the armed robbery; the single affidavit could support a search of both residences, under one or separate warrants. Appellant has requested that we review the record for errors patent; there are none.
For the foregoing reasons, the conviction and sentence of Thomas Poree are affirmed.
AFFIRMED.
CALOGERO, J., concurs in part, dissents in part and assigns reasons.
DENNIS, J., concurs in part with reasons and dissents in part for reasons assigned by CALOGERO, J.
CALOGERO, Justice, concurring in part and dissenting in part.
I concur in the majority opinion insofar as it affirms defendant's conviction, but dissent from the affirmance of the sentence and feel that the case should be remanded and defendant resentenced.
In the present case, defendant was sentenced to 198 years imprisonment as a *549 second offender. While defendant did not contest his sentence in his assignments of error, he did request that this Court review the record for any errors patent, that is, any errors "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La. C.Cr.P. art. 920(2). The imposition of an illegal sentence is such an error [State v. Alexander, 362 So.2d 775 (La. 1978); State v. Delaney, 359 So.2d 976 (La. 1978); State v. Lindsey, 351 So.2d 1178 (La. 1977)], and therefore, the legality of defendant's sentence is subject to our review.
Under La. R.S. 15:529.1(A)(1), where a person is prosecuted as a second offender and "the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest possible term and not more than twice the longest term prescribed for the first conviction." In State v. Delaney, supra, we held that 99 years imprisonment did not exceed one's natural life. Therefore, in a case like the present one, where the defendant is convicted of armed robbery which carries a 99 year maximum sentence, under this provision he is exposed to a maximum 198 year sentence, "twice the longest prescribed for the first conviction." Although this section of the statute seems rather clear, the problem becomes evident when we view this sentencing provision along with the other provisions of the statute, particularly the sentencing provision for a fourth offender.
When a person is prosecuted as a fourth offender, under La. R.S. 15:529.1(A)(3), he "shall be sentenced ... for a determinate term ... but in no event ... more than his natural life." It was determined in State v. Alexander, supra, that a sentence of 100 years "clearly exceeds" one's natural life. Therefore, a person convicted of armed robbery and prosecuted as a fourth offender is only exposed to a maximum life sentence (of less than 100 years). This is in contrast to the exposure of a second offender, to 198 years. Clearly such a result could not have been intended by the Legislature.
In reviewing the entire statute, it appears that in adopting this statute the Legislature never intended that it should apply to persons convicted of armed robbery. Each section of the statute pertaining to the enhancement of penalties for second, third or fourth offenders provides that the statute is only applicable to felonies "that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life." La. R.S. 15:529.1(A)(1), (2), and (3). The maximum penalty for armed robbery is 99 years (La. R.S. 14:64), arguably more than the offender's "natural life", and, therefore, not covered by this statute. To hold otherwise leads to the irrational result referred to above, where a second offender convicted of armed robbery can be sentenced to 198 years, while a fourth offender can be sentenced to no more than 99.
To resolve this incongruity in the law, either this statute should not be applied to armed robbery, or the maximum limit of 99 years imprisonment for fourth offenders should also apply to second offenders. As the statute presently is applied, permitting the imposition of 198 years imprisonment for a second offender and limiting a fourth offender's exposure to only 99 years imprisonment, it is unconstitutionally excessive, failing to provide any rational gradation of punishment in relation to the gravity of the offense or the recidivism of the offender. (See, State v. Terrebonne, 354 So.2d 1356 (La. 1978), Tate, J. and Dennis, J. concurring.
For the foregoing reasons, I concur in the affirmance of defendant's conviction but dissent from the affirmance of the sentence.
NOTES
[*] Judges Frederick Stephen Ellis, Morris A. Lottinger, Jr., and Eleven E. Ponder of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc joined by Justices Calogero, Dennis, Watson and Lemmon.
[1] A search of defendant's residence for a handgun, clothing and moneyevidence of an armed robberywas upheld in United States v. Morris, 491 F.Supp. 222 (S.D.Ga., 1980), where defendant's residence was near the crime site.
[2] See LSA-C.Cr.P. art. 162; LSA-Const. art. I § 5.