748 F.2d 1047
 UNITED STATES ex rel. Richard CURTIS, Petitioner-Appellant,
v.
Frank BLACKBURN, Warden, Louisiana State Penitentiary, and
William J. Guste, Jr., Attorney General, State of
Louisiana, Respondents-Appellees.
 No. 84-3068
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 20, 1984.
 Glass & Reed, John Wilson Reed, New Orleans, La., for petitioner-appellant.
 Richard Curtis, pro se.
 Wm. R. Campbell, Jr., Susan Scott Hunt, E. Sue Bernie, New Orleans, La., for respondents-appellees.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.
 POLITZ, Circuit Judge:
 
 
 1
 Richard Curtis was convicted of second offense armed robbery and was sentenced under the armed robbery statute, La.R.S. 14:64 B, and the habitual offender law, La.R.S. 15:529.1.A(1).[1] Under the recidivist statute Curtis was subject to a minimum sentence of 33 years and a maximum sentence of 198 years. Curtis was sentenced to 198 years at hard labor. His conviction was affirmed, State v. Curtis, 363 So.2d 1375 (La.1978), but his case was remanded for resentencing because the trial judge had improperly imposed a condition that the sentence would not be subject to diminution for good behavior, a statutory provision added to the statute after commission of the first offense.
 
 
 2
 On remand Curtis was again resentenced to 198 years. He then sought state habeas relief contending that the habitual offender law, as applied to armed robbery, violated the due process and equal protection clauses of the fourteenth amendment because it provided for the imposition of a harsher sentence on a second felony offender than on a fourth offender. The Louisiana Supreme Court denied collateral relief, assigning no reasons. Curtis v. Blackburn, 373 So.2d 545 (La.1979). State remedies exhausted, Curtis filed the instant petition under 28 U.S.C. Sec. 2254, raising the same issue presented to the state court. The district court denied habeas relief. We affirm.
 
 
 3
 Curtis' challenge is based on an overlay of the habitual offender statute to the armed robbery statute which results in the following sentencing scheme:
 
 
 4
 Minimum Maximum
Conviction Penalty Penalty
---------- -------- ---------
First 5 years 99 years
Second 33 years 198 years
Third 49 years 198 years
Fourth 99 years Life
 
 
 5
 Although the statute states that the maximum sentence for a fourth offender is life imprisonment, Curtis argues that as a result of the case law interpreting this statute the maximum sentence for a fourth offender is, in effect, 99 years. In support of this view, Curtis cites State v. Delaney, 359 So.2d 976 (La.1978), State v. Alexander, 362 So.2d 775 (La.1978), and State v. Wilson, 363 So.2d 445 (La.1978). These cases offer less than brightline expressions by Louisiana's highest court of the meaning of the habitual offender statute. In Delaney, with one justice dissenting, the court interpreted La.R.S. 15:529.1 A(3) and concluded that a sentence of 99 years "does not violate the prohibition in the statute that the sentence be 'not more than his natural life.' " 359 So.2d at 977. In Alexander, a unanimous court, applying the same statutory provision and citing Delaney, vacated a 100-year sentence which it found illegal, stating simply: "The term of 100 years actually imposed on defendant clearly exceeds his natural life." 362 So.2d at 776. Thereafter in Wilson, a divided court vacated a sentence of 110 years for a fourth offender under R.S. 15:529.1 A(3) stating that the sentence was "illegal and must be set aside." 363 So.2d at 447. In a special concurrence, Justice Calogero, joined by Justice Dennis, mused that if a sentence of 100 years exceeded the defendant's life expectancy then 99 years did also. These justices found Delaney and Alexander irreconcilable and expressed the opinion that the Louisiana Supreme Court "should either reverse Alexander or find that the sentencing provisions of the habitual offender statute do not apply to multiple convictions for armed robbery." 363 So.2d at 447.
 
 
 6
 On the same day it decided Wilson, the Louisiana Supreme Court, with Justice Calogero as author, decided Curtis' direct appeal, State v. Curtis, 363 So.2d 1375 (La.1978). The Curtis opinion, on a 5-2 split, overruled Wilson, at least in part, the majority declaring: "We therefore conclude that our recent Wilson decision is incorrect and must be overruled." 363 So.2d 1383. Thereafter, the court split 4-3 in denying rehearing with Justice Calogero reurging the reasons contained in his special concurrence in Wilson. After reviewing all assignments of error, the court affirmed Curtis' conviction but remanded for resentencing, finding the 198-year sentence without benefit of diminution for good behavior illegal because of the good time proviso. The court did not otherwise discuss the 198-year sentence.
 
 
 7
 We cannot reconcile the holdings in Delaney, Alexander, Wilson, and Curtis, but the first three seem to declare that a fourth-offense armed robber may not be sentenced for a period longer than his natural life. It is apparent that Curtis' 198-year second offense sentence is for a period which extends beyond his natural life span. That sets the stage for Curtis' contention that second-time offenders are subject to more severe punishment than fourth offenders. On closer examination, and considering the total fabric of the Louisiana sentencing, punishment and pardon scheme, we do not agree.
 
 
 8
 It is obvious that the minimum sentence for armed robbery increases with each seriatim offense, from 5 years to 33 years to 49 years to 99 years. A second offender faces a minimum sentence of 33 years. A fourth offender faces a minimum sentence three times greater, 99 years. In light of that reality, the maximum sentence for a fourth offender is of purely academic interest. Neither a second or fourth offender receiving the statutory maximum sentence will ever be released unless they secure a pardon recommendation from the Pardon Board and a pardon from the Governor. La.R.S. 15:572-574.1. Absent such discretionary pardon action by both the Pardon Board and the Governor, neither will ever be eligible for parole consideration. La.R.S. 15:574.2-574.16. As we perceive the matter, Louisiana's sentencing scheme does not, in actuality, treat a second offender more severely than a fourth offender. What is urged as a lighter penalty is more appearance than reality.
 
 
 9
 Hopefully in time the Louisiana Supreme Court will address what at least two of its justices recognize as irreconcilable decisions in this area. The posture of the case before us does not present the occasion for this court to rule on the interplay between the armed robbery statute and the habitual offender law. Curtis challenges his sentence under the equal protection and due process clauses of the fourteenth amendment on the grounds that the statute treats second offenders more harshly than fourth offenders. Considering the substantial difference in the minimum sentences, and the realities of the maximum sentences, we are not persuaded. We find no meaningful constitutional infraction.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 La.R.S. 14:64 B provides that a person convicted of armed robbery "shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence." Upon conviction of a second felony, the habitual offender law provides that the sentence of imprisonment "shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction...." La.R.S. 15:529.1 A(1)