STATE OF LOUISIANA       *       NO. 2025-K-0470

VERSUS       *

        **COURT OF APPEAL**

ERICK GARRISON       *

        **FOURTH CIRCUIT**

      *

        **STATE OF LOUISIANA**

      * * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 565-560, SECTION "L"
Judge Angel Harris,
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rachael D. Johnson, Judge Karen K. Herman)

**LOBRANO, J., CONCURS IN THE RESULT**
**JOHNSON, J., DISSENTS WITH REASONS**


Jason R Williams
ORLEANS PARISH DISTRICT ATTORNEY
Brad Scott
ASSISTANT DISTRICT ATTORNEY
619 South White Street
New Orleans, LA 70119

       COUNSEL FOR PLAINTIFF/RELATOR

Sean Collins
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue, Seventh Floor
New Orleans, Louisiana 70119

       COUNSEL FOR DEFENDANT/RESPONDENT


       **WRIT GRANTED; JUDGMENT REVERSED**
            **OCTOBER 7 , 2025**

The State of Louisiana ("State") seeks supervisory review of the June 25, 2025 Opinion and Order granting a motion to suppress evidence filed by the defendant, Erick Garrison ("Garrison"). For the reasons set forth below, we grant the State's writ application and reverse.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On March 13, 2025, the State filed a bill of indictment charging Garrison with the August 3, 2024 killing of Brandon Hayward. A search warrant for Garrison's Instagram account was prepared by Detective Joseph E. Herman, wherein he stated the following:

> Detectives were told that responding officers on scene were advised by an unknown subject that there was a witness to the homicide, who was in fear for their safety and had fled the scene. This unknown person gave the officers a possible contact number for the witness. During the follow up investigation, detectives were able to locate and interview this known witness on August 3, 2024. The known witness was able to give a detailed account of the events that led up to the shooting as well as a detailed account of the shooter's actions and the shooter's identity. The known witness was able to identify the Instagram account of the perpetrator as "e8_ sports."

The affidavit for the search warrant requested information from August 9, 2023 through August 9, 2024.

1

On August 12, 2024, a magistrate judge issued a search warrant for Garrison's Instagram account.

On March 24, 2025, Garrison filed an omnibus motion for unredacted discovery, to preserve evidence, for suppression of statements, evidence and identification, and for a preliminary examination. Garrison thereafter filed a Supplement to Motion to Suppress Evidence arguing that the affidavit in support of the search warrant for Garrison's Instagram account lacked particularity and the nexus required by law.

A hearing was held on May 29, 2025. The parties stipulated to the warrant and presented only argument. The matter was taken under advisement, and the parties were allowed to submit additional briefs.

On June 13, 2025, the State filed an opposition to the motion to suppress, asserting that a witness provided the Instagram handle of the perpetrator to the detectives. The State also cited to the good faith exception to the exclusionary rule. Garrison countered, noting that the warrant application did not contain a sufficient factual basis for the court to believe there was a reasonable probability that evidence related to the murder would be found within Garrison's Instagram account.

On June 23, 2025, the trial court issued its ruling on the motion to suppress in open court. An Opinion and Order was granted on June 25, 2025, quashing the warrant for the Instagram account. In written reasons, the trial court concluded:

> [T]he Instagram warrant is facially invalid because it lacks both a factual basis to establish probable cause and the particularity required by the Fourth Amendment. Without meaningful limitations or a clear connection to criminal activity within the four corners of the affidavit, the warrant cannot stand, and the resulting evidence must be suppressed.

2

The State's writ application followed.

**DISCUSSION**

As this Court recently reiterated in *State v McGee*, 2024-0642, p. 7 (La. App. 4 Cir. 8/27/25), --- So.3d ---, 2025WL2462473, *4:

> For a valid search, an officer must show "a sufficient nexus between the items to be seized and the place to be searched." *United States v. McKinney*, 758 F.2d 1036, 1042 (5th Cir. 1985); *see also State v. Poree*, 406 So.2d 546, 547-48 (La. 1981). "Without direct observation, the appropriate connection may be manifested by the type of crime, the nature of the items sought, the extent of opportunity for concealment, and normal inferences as to where a criminal would be likely to hide the instrumentalities and fruits of the crime." *Poree*, 406 So.2d at 547 (La. 1981) (citing *United States v. Lucarz*, 430 F.2d 1051 (9th Cir. 1970)).

It is also well established that:

> Probable cause for the issuance of a search warrant is shown when the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and evidence may be found at the place to be searched. *State v. Cunningham*, 11-0886, p. 6 (La. App. 4 Cir. 3/21/12), 88 So.3d 1196, 1201. An issuing magistrate's determination of probable cause for a search warrant must be accorded great deference and does not involve certainties or proof beyond a reasonable doubt. *Cunningham*, 11-0886, p. 7, 88 So.3d at 1201 (citing *State v. Rodrigue*, 437 So.2d 830, 832-33 (La. 1983)). Reviewing courts should interpret the affidavit in a realistic and common sense fashion with an awareness that it is normally prepared by non-lawyer police officers in the midst and haste of a criminal investigation. *Id.* (citing *State v. Green*, 02-1022, p. 8 (La. 12/4/02), 831 So.2d 962, 969). Consequently, the task for a reviewing court is simply to insure that under the totality of the circumstances, the magistrate had a substantial basis for concluding probable cause to issue the warrant existed. *State v. Hankton*, 17-1108, p. 4 (La. 7/20/17), 222 So.3d 41, 44 (citing *State v. Lee*, 05-2098, p. 14 (La. 1/16/08), 976 So.2d 109, 122).

*State v. Turner*, 2023-0730, pp. 3-4 (La. App. 4 Cir. 12/8/23), 380 So.3d 607, 610.

Applying these principles to the case before us, and considering the great deference afforded the magistrate in interpreting the affidavit and in

issuing the search warrant, we find that the trial court erred in granting Garrison's motion to suppress.

**CONCLUSION**

For the foregoing reasons, we grant the State's writ application and reverse the June 25, 2025 Opinion and Order of the trial court.

**WRIT GRANTED; JUDGMENT REVERSED**