GUIDRY, Judge.
Defendant, Joseph Mel O’Pry, was charged by a bill of information with one count of violating La.R.S. 14:72, forgery, and one count of violating La.R.S. 14:67, theft, in an amount more than $500.00. He was tried by a six person jury and convicted on both counts. Defendant was sentenced to concurrent terms of five years at hard labor for the forgery and three years at hard labor for theft, with both sentences being suspended and defendant placed on active supervised probation for five years. Additionally, defendant was ordered to pay a $1,000.00 fine, court costs and $20.00 per month probation supervision fee.
From these convictions and sentences, defendant appeals urging the following assignment of error:
“The jury impanelled, in this case, by the Twenty-Seventh Judicial District Court erred in finding the defendant guilty of forgery and theft of an amount over $500.00 dollars, in that the record is completely void of any evidence that shows where the defendant signed his name on the back of the check in question.”
For a brief period of time, defendant and Perry Crooks, his partner, conducted business under the name Business Management Enterprise (BME). The purported purpose of BME was to procure business loans for prospective clients and to write life insurance policies on the borrowers to insure payment of the loans in case of death. Mr. Crooks, as the founder, was to be president of BME while the defendant was to be treasurer and arrange the loans through his alleged “high level” government contacts in the Republic of Panama.
Mr. Horace L. Robinson, owner of Robinson Farms, Inc., desired to make a multimillion dollar loan and began negotiations with BME. In that connection, the three, Robinson, Crooks and O’Pry met at the Sheraton Hotel in Alexandria, Louisiana, on January 10, 1985. Mr. Robinson was accompanied by Mr. Tommy Freeman. The specific purpose of the meeting was to transfer a $1,000.00 check from Mr. Robinson to BME. The check was actually made payable to Perry E. Crooks and was to be used by the defendant, O’Pry, for expenses of an upcoming trip to Panama to arrange Mr. Robinson’s desired loan. The $1,000.00 sum was to be debited against the fee BME would earn for procuring the needed funds. Both Mr. Robinson and Mr. Crooks testified that the avowed purpose of the $1,000.00 “advance” was for defendant’s travel expenses to Panama and that if the trip was not taken for any reason, the check was not to be negotiated. A receipt for the check, showing it to be an advance for the securing of funds was signed by all parties present at the meeting.
Mr. Crooks received the check, drawn to his order, from Mr. Robinson and handed the instrument to Mr. O’Pry, who was to hold the check until just before his scheduled trip, at which time it was to be endorsed by Crooks and negotiated.
*89 Testimony established that defendant, O’Pry, never made the Panama trip, never sought Mr. Crooks’ endorsement on the check, and never received Mr. Crooks’ permission to endorse the check for him. It was further established at trial that defendant negotiated the check, bearing what purported to be the endorsement of Perry E. Crooks, to Bordelon Motors in payment of back installments on his automobile loan. Ms. Colleen Taylor, the then cashier for the dealership, identified the check at trial as the instrument tendered to her by defendant in payment of $966.24 past due Ford Motor Credit on O’Pry’s Mercury Marquis.
The jury, after hearing all the evidence, found defendant guilty of both forgery and theft.
La.R.S. 14:72 defines forgery as follows:
“Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery.”
In order to be found guilty of forgery, the accused need not engage in both proscribed actions. Proof of either the false making or altering of an instrument or of knowingly transferring or issuing such an instrument is sufficient.
Theft is defined in La.R.S. 14:67 as follows:
“the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.”
The commission of either one or both of these crimes is susceptible to proof by either direct evidence, circumstantial evidence, or a combination of the two. In State v. Johnson, 438 So.2d 1091 (La.1983), the Louisiana Supreme Court explained:
“Generally, direct evidence consists of testimony from a witness who actually saw or heard an occurrence, proof of the existence of which is at issue; whereas, circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Austin, 399 So.2d 158 (La.1981).” (Footnote omitted).
In State v. Rosiere, 488 So.2d 965, 968 (La.1986), the Louisiana Supreme Court, commenting on appellate review of the sufficiency of the evidence, stated:
“... Appellate review for minimal constitutional sufficiency of evidence is a limited one restricted by the standard developed in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Trosclair, 443 So.2d 1098 (La.1983); State v. Richardson, 425 So.2d 1228 (La.1983).
The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. When circumstantial evidence is used to prove the commission of the offense, La.R.S. 15:438 mandates that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” This is not a purely separate test from the Jackson sufficiency standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis of the conviction. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. State v. Garcia, 483 So.2d 953 (La.1986); State v. Porretto, 468 So.2d 1142 (La.1985). State v. Wright, 445 So.2d 1198 (La.1984).”
*90 The direct and circumstantial evidence adduced in this case, which we have briefly summarized, is certainly sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crimes charged proved beyond a reasonable doubt. Accordingly, appellant’s convictions and the sentences imposed are affirmed.
AFFIRMED.