GUIDRY, Judge.
On May 27, 1986, defendant-appellant, Julian Ford, was convicted of production (cultivation) of marijuana, a violation of La.R.S. 40:966(A)1. A pre-sentence investigation report was ordered and on June 30, 1986, after receipt of said report, Ford was sentenced to five years at hard labor. This sentence was ordered to run consecutively with an eight year sentence imposed the same day for distribution of butabarbital (see No. Cr87-427 on the docket of this court handed down this day).
FACTS
On June 8, 1984, a search warrant was issued to search the premises of the defendant for drugs and drug paraphernalia. Pursuant to this warrant, a search revealed marijuana plants growing in a cleared area 15 to 20 feet from the defendant’s house. Syringes, a glass vial of brown liquid, and a few partially smoked marijuana cigarettes were discovered inside defendant’s residence.
The defendant was charged in two separate bills of information; the first with production of marijuana, and possession of marijuana; the second with distribution of butabarbital. Butabarbital was not found during the June 8,1984, search. The distribution of butabarbital charge resulted from an April 19,1984 sale by defendant to an undercover state trooper which took place at defendant’s home. At this sale, the officer observed numerous marijuana seedlings being grown in the house. This observation formed part of the basis for obtaining the search warrant in this case.
Trial was held in due course resulting in defendant being found guilty of production (cultivation) of marijuana with the possession charge being dismissed. This appeal timely followed. On appeal defendant urges four alleged errors:
1. The trial court erred in denying defendant’s motion to suppress.
2. The trial court erred in denying the motion for acquittal on the charge of cultivation of marijuana made at the close of the State’s case.
3. The trial court erred in convicting defendant in the absence of evidence that would convince a reasonable finder of fact beyond a reasonable doubt of the defendant’s guilt.
4. The trial court erred in imposing an excessive sentence.
At the outset, we note that assignments of error numbers 2 and 4 were not briefed and we, therefore, consider them abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4; State v. Fisher, 507 So.2d 1263 (La.App. 3rd Cir.1987).
ASSIGNMENT OF ERROR NO. 1
By this assignment of error, the defendant urges that the trial court erred in find *651 ing that there was probable cause for the search of his residence. Specifically, the defendant contends that the trial court erred in not finding the affiant’s statement that, within the past week, he had visited the defendant, and defendant indicated he was concealing drugs, and was still involved in drug sales, too stale to meet the probable cause warrant issuance requirements. Defendant also contends that the trial court imposed an onerous burden on him in forcing him to go beyond the four comers of the search warrant to show that the affiant’s information was stale. This latter contention will be dealt with first
A) Warrant incomplete and no way to gauge age of information. Logic dictates that the “within the past week” on the warrant is referenced to the date of issuance of the warrant. Since the warrant was executed on June 8, 1984, the same day that it was issued, one must surmise that the time between affiant’s observations, and the execution of the warrant is at most seven days. Therefore, we conclude that anyone attacking the staleness of this warrant would not have to go outside its four comers to gauge the age of the affirmations therein.
B) Staleness. The Louisiana Supreme Court has recognized that the validity of a warrant may be affected by the passage of time. “Thus, included in the general concept of probable cause is the necessary element of a reasonable belief that the contraband or evidence will not have been disposed of but will remain at the place to be searched at the time of the proposed search.” State v. Lewis, 385 So.2d 226 (La.1980); State v. Boneventure, 374 So.2d 1238 (La.1979); State v. Thompson, 354 So.2d 513 (La.1978). Whether an affidavit establishes probable cause on the date of execution depends upon the facts and circumstances of each case. State v. Bruno, 427 So.2d 1174 (La.1983); State v. Barber, 445 So.2d 463 (La.App. 4th Cir.1984), writ denied, 446 So.2d 1224 (La.1984).
In State v. Bruno, supra, the court upheld the search warrant against a staleness claim. There a confidential informant purchased narcotics from the defendant at his residence. Before the informant left, he was told by the defendant that more PCP and marijuana would be available at a later date. Officers then investigated the scene and observed suspicious activity consistent with drug distribution. The warrant was issued but was not executed until seven days later. In upholding the validity of the warrant, the Supreme Court found that the recited facts were sufficient to warrant a man of reasonable caution to believe that controlled dangerous substances would be found on the premises one week after the issuance of the warrant.
In State v. Durand, 461 So.2d 1090 (La.App. 4th Cir.1984), an informant purchased cocaine from the defendant and was told that should he need more, it would be available. A surveillance was conducted and other incidents of suspected drug trafficking were observed. The appellate court concluded that a man of reasonable caution could reasonably believe that drugs would be found on the premises ten days after issuance of the warrant.
La.C.Cr.P. art. 163 provides that a warrant must be executed within ten days of its issuance. In the instant case, this article was complied with. Since Article 163 was complied with, and since the jurisprudence in similar cases supports the conclusion that the time between an affiant’s observations, and execution of the search warrant may be seven days or longer, we conclude that the trial court did not err in failing to suppress the fruits of this search warrant.
C) Probable cause. The essential facts for establishing probable cause to issue a search warrant must be contained in the affidavit. La.C.Cr.P. art. 162; State v. Daniel, 373 So.2d 149 (La.1979); State v. Koncir, 367 So.2d 365 (La.1979); State v. Westfall, 446 So.2d 1292 (La.App. 2d Cir.1984).
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court enunciated a “totality of the circumstances” analysis in determining whether an affidavit in support of a search warrant based on hearsay established probable cause for the warrant to *652 issue. The Louisiana Supreme Court has followed Illinois v. Gates, supra, in State v. Lingle, 436 So.2d 456 (La.1983), and State v. Brooks, 452 So.2d 149 (La.1984). See also State v. Westfall, supra.
Illinois v. Gates, supra, expressed the analysis as follows:
"... The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a ‘substantial basis for ... concludpng]’ that probable cause existed.”
We conclude that the search warrant which was issued, based on the observations of, and representations made directly to the affiant law officer, was issued upon probable cause. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
By this assignment of error, the defendant contends that the trial court erred in finding him guilty beyond a reasonable doubt of cultivating marijuana. Specifically, the defendant alleges that the prosecution did not meet its burden of proving that the marijuana found growing on his property was his.
In order to uphold defendant’s conviction, this court, after examination of the record, must be convinced that Ford’s conviction was based upon sufficient evidence. Recently, in State v. O’Pry, 511 So.2d 87 (La.App. 3rd Cir.1987), this court reiterated the test a reviewing court should apply in evaluating the sufficiency of the evidence. We first noted that the crime with which defendant was charged was
“... susceptible to proof by either direct evidence, circumstantial evidence, or a combination of the two. In State v. Johnson, 438 So.2d 1091 (La.1983), the Louisiana Supreme Court explained:
“Generally, direct evidence consists of testimony from a witness who actually saw or heard an occurrence, proof of the existence of which is at issue; whereas, circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Austin, 399 So.2d 158 (La.1981).” (Footnote omitted). O’Pry, supra, at pg. 89.
This court then went on to state:
“In State v. Rosiere, 488 So.2d 965, 968 (La.1986), the Louisiana Supreme Court, commenting on appellate review of the sufficiency of the evidence, stated:
‘... Appellate review for minimal constitutional sufficiency of evidence is a limited one restricted by the standard developed in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Trosclair, 443 So. 2d 1098 (La.1983); State v. Richardson, 425 So.2d 1228 (La.1983).
The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. When circumstantial evidence is used to prove the commission of the offense, La.R.S. 15:438 mandates that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” This is not a purely separate test from the Jackson sufficiency standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis of the conviction. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. State v. Garcia, 483 So.2d 953 (La.1986); State v. Porretto, 468 So.2d *653 1142 (La.1985). State v. Wright, 445 So.2d 1198 (La.1984).’ ”
O’Pry, supra, at pg. 89.
In the case at bar, State Trooper Douglas E. Gremillion testified that he executed the search warrant and seized fifty-one small marijuana plants growing in defendant’s yard approximately 15 to 20 feet from the rear of defendant’s house. Gremillion also testified that he seized syringes, a glass vial of brown liquid, and several partially smoked marijuana cigarettes from within the home. Gremillion stated that the grass around defendant’s residence was up to 12" high, and that the seized plants were approximately 3" high and planted in a cleared area of the lot behind defendant’s home.
The defense brought out the fact that the fence within which the drugs were found enclosed defendant’s brother’s home, and that defendant’s brother could have been the owner of the drugs.
Gremillion drew a diagram of the whole area showing the fence and the location within the fence of three houses, the defendant’s, his brother’s and their mother’s, and the marijuana plot as he remembered their location. This diagram was attacked by defense counsel as being inaccurate and with the permission of all parties, the trial judge physically inspected the property. The trial judge found the area in which the marijuana had been cultivated to be located in the left rear corner of defendant’s portion of the property. That portion of the property was separated from the other two homes by defendant’s house.
The marijuana was found growing in an area bounded on two sides by fences and on the third by defendant’s house with that home being interposed between the “pot plot” and the other residences on the property. Seedling marijuana plants had been observed by Gremillion in the defendant’s residence less than two months before. Within the week prior to the execution of the search warrant, the defendant had confided to Gremillion that he was concealing prohibited substances on the premises and was still involved in the sale of drugs. Further, a number of partially smoked marijuana cigarettes and drug paraphema-lia were found in the search of defendant’s house.
In order to prove its case, the State had to prove that defendant exercised dominion and control over the marijuana plants. Louisiana courts have identified several factors which can be helpful in making such a determination, including the following: the defendant’s access to the area where the drugs were found; the defendant’s physical proximity to the drugs; defendant’s knowledge that illegal drugs and/or drug paraphernalia are in the area; evidence of recent drug use; and, any evidence that the residence (or other location) was frequented by drug users. See State v. Hernandez, 513 So.2d 312 (La.App. 4th Cir.1987), and cases cited therein.
When analyzing this case in light of the above factors we find that the defendant had unlimited access to the area in which the marijuana plants were growing. His house was only 15 to 20 feet from the plot. Defendant had been seen in his home with marijuana seedlings, other illegal drugs and drug paraphernalia. Several partially smoked marijuana cigarettes were discovered in his home along with drug paraphernalia and he had made at least one sale to someone he knew as a drug user.
Based upon the foregoing facts, we conclude that all the evidence, both direct and circumstantial, was sufficient to satisfy a rational juror, or in this case, the trial judge, that the defendant, Julian Ford, was guilty beyond a reasonable doubt. Therefore, we find no merit to this assignment of error.
For the reasons stated above, defendant’s conviction and the sentence imposed are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.