647 So.2d 1250 (1994)
STATE of Louisiana
v.
Thomas BROWN.
No. 93-KA-2089.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1994.
*1251 Harry F. Connick, Dist. Atty., Susan M. Erlanger, Asst. Dist. Atty., Dan Gerleman, Law Clerk, New Orleans, for appellee.
Anne Turissini, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BYRNES, WARD and JONES, JJ.
BYRNES, Judge.
Thomas Brown appeals his conviction for possession of more than 400 grams of cocaine for which he was sentenced to serve 20 years at hard labor and ordered to pay a fine of $250,000. He also entered a Crosby[1] appeal of his guilty plea to possession of a firearm by a convicted felon for which he was sentenced to three years at hard labor without benefit of probation, parole or suspension of sentence, running concurrently with any other sentence he may be serving. We affirm.
On November 3, 1991, at around 9:00 p.m., Officer Thelonious Dukes received information from a confidential informant that a subject by the name of Thomas Brown was dealing drugs from a certain location and would soon be leaving that location transporting some of the drugs. The location was described as the 2600 block of Charbonnet, more particularly the last house on the uptown side of the street. The informant further advised Dukes that the subject drove a red Thunderbird and would be with a female known only by her first name, Brenda.
Officer Dukes and his partner, Kevin Williams, went to the location to begin surveillance. As they turned on to Charbonnet Street, they observed the defendant and a female exit the rear of the subject location and drive away in a maroon Thunderbird. The officers followed the defendant from a distance. When the defendant disregarded a stop sign, Officer Williams signalled for him to pull over for a traffic stop. Due to tinted windows, the occupants were asked to step outside the vehicle. When Ms. Smothers stepped out of the passenger side, Officer Dukes observed a partially opened coin envelope which contained what appeared to be crack cocaine. Officer Dukes advised Officer Williams of what he had observed and both occupants were then arrested.
Officer Dukes drove the defendant's vehicle back to the residence while Officer Williams drove the defendant and Ms. Smothers to the Fifth District station to wait for a warrant. Back at the residence, Officer Dukes attempted to find a municipal number for purposes of the warrant. He eventually found the municipal number on a utility meter. While Officer Dukes was in the rear of the building, the defendant's daughter, Ronnie Brown, came out of the rear door with friends. Officer Dukes then called for assistance and left to obtain the warrant. Ronnie and her friends were detained at the scene until their mothers arrived. The other officers remained on the scene waiting for the search warrant.
Officer Dukes obtained a magistrate's signature on the warrant, then picked up the defendant and took him back to the scene. The defendant disarmed the alarm and the officers proceeded to search the residence. In the bedroom of the apartment they found over 851.1 grams of powder cocaine, 32.94 grams of crack cocaine, drug paraphernalia, and a gun. In addition the officers seized a rent receipt which indicated that the defendant was the tenant of the apartment.
Ronnie Brown testified that the alarm went off when Officer Dukes was in the rear of the building and she and her friends were detained by other officers in the front of the building. Officer Dukes testified that he left the defendant's keys in the car when he went to investigate the municipal number in the rear of the house. He further testified that the alarm never went off.
On January 9, 1992 Thomas Brown, and his co-defendant, Brenda Smothers, were charged with possession of more than 400 grams of cocaine. The defendant was also *1252 charged with possession of a firearm by a convicted felon, and in a companion case, Case No. 353-997, with a third offense of possession of marijuana. On March 25, 1992 the trial court denied the motion to suppress the evidence obtained as a result of a search warrant. On March 26, 1992 the trial court ruled that 47 pieces of crack cocaine obtained in a search of the defendant's vehicle could not be used at the trial in the present case.
After a jury found the defendant guilty as charged on the cocaine count, the trial court reopened the motion to suppress evidence in a motion for new trial, but the trial court ultimately denied the motions to suppress and for new trial. The defendant was sentenced to 20 years at hard labor and ordered to pay a $250,000 fine. On October 1, 1993, the defendant entered a plea of guilty under State v. Crosby, supra, to the felony firearm count and the marijuana charge in the companion case. He was sentenced to three years at hard labor without benefit of probation, parole or suspension of sentence, to run concurrently with any other sentence he may be serving. Defendant's appeals followed.
A review of the record reveals two patent errors. The trial court imposed sentence immediately after denial of the motion for new trial without an indication in the record of defendant's waiver to the 24-hour delay period required under LSA-C.Cr.P. 873. However, the error is harmless when not raised on appeal. State v. Collins, 584 So.2d 356 (La.App. 4 Cir.1991).
The second patent error is an illegally lenient sentence imposed when the defendant was sentenced to serve 20 years at hard labor and pay a $250,000 fine. Under LSA-R.S. 40:967(F), the sentence shall not be suspended, deferred or withheld, nor shall the defendant be eligible for probation or parole prior to serving the minimum sentence provided under LSA-R.S. 40:967(G). Because the state did not raise the issue that the trial court failed to prohibit parole for the first 15 years, the sentence should not be corrected on appeal. State v. Fraser, 484 So.2d 122 (La.1986).
Thomas Brown contends that the trial court erred in denying the motion to suppress the evidence of the cocaine found at the residence based on an invalid search warrant.
Generally, searches only may be conducted pursuant to a warrant which has been issued by a judge on the basis of probable cause. LSA-C.Cr.P. art. 162; State v. Brady, 585 So.2d 524 (La.1991). Probable cause exists where:
the facts and circumstances within the affiant's knowledge, and those of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched.

State v. Duncan, 420 So.2d 1105, 1108 (La.1982).
In considering a magistrate's finding of probable cause, the reviewing court must determine whether the totality of circumstances set forth in the affidavit is sufficient to allow the magistrate:
to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a reasonable probability that contraband ... will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... concluding that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).
An exception to the rule is where a law enforcement officer relies in good faith on a magistrate's probable cause determination and the technical sufficiency of the warrant. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
In the present case the defendant argues that the search warrant is insufficient by attacking the veracity of Officer Thelonious Dukes. Making a material and intentional misrepresentation to a magistrate involves a fraud upon the courts and will result in the invalidation of the warrant and suppression of the items seized. State v. Byrd, 568 So.2d 554, 559 (La.1990). However, if the misrepresentations or omissions are inadvertent, the warrant will be retested for *1253 probable cause after supplying that which had been omitted or striking that which had been misrepresented. State v. Lingle, 436 So.2d 456, 460-61 (La.1983). "Intentional," in this context, means a deliberate act designed to deceive the issuing magistrate. State v. Lamartiniere, 362 So.2d 526 (La. 1978). An affidavit supporting a search warrant is presumed to be valid, and defendant has the burden of proving that the representations in the affidavit are false. State v. Fairbanks, 467 So.2d 37 (La.App. 4 Cir. 1985), writ denied 472 So.2d 916 (La.1985).
Initially the defendant in the present case asserts that Officer Dukes swore that the informant's information led to past arrests and convictions although he testified at the preliminary hearing that the informant's information led only to past arrests. Officer Dukes related that his preliminary hearing testimony was probably just a matter of his "not completing the sentence."
With respect to this conflict, in chambers the trial judge ordered Officer Dukes to reveal the identity of his informant. Dukes advised that the informant was known to him only as "Mickey," and that he was now deceased, having been shot sixteen times about a year prior to the trial. The judge then ordered full disclosure to the court of the informant's name and the convictions in which he furnished information.
On May 21, 1993, at the supplemental motion to suppress hearing, Officer Dukes gave the full name of his informant, Michael Delario, and the names and circumstances of individuals convicted as a result of information provided by Delario. Officer Dukes stated at that hearing that Delario was not a registered confidential informant. He further testified that, although the informant was not mentioned in the police reports, he did give information on subjects for Officer Dukes to watch.
The defendant suggests that the officer had difficulty responding with the names and documentation of the convictions. However, considering the time delay, some difficulty in obtaining the names and documentation is reasonable and does not cast doubt on the officer's credibility.
The defendant also argues that there were two affiants listed on the application, Officer Dukes and Officer Williams, although only Officer Dukes actually appeared before the issuing magistrate. Because Officers Dukes and Williams acted together until after the vehicular stop, when Officer Williams accompanied Ms. Smothers to Central Lockup, it was reasonable for both names to be listed on the application. However, because Officer Dukes ultimately went alone to obtain the warrant, only he signed the affidavit. No intent to mislead the magistrate could be presumed as the issuing magistrate could clearly see that only one officer appeared before him.
The defendant maintains that Officer Dukes intentionally misled the magistrate, based on his claim that Officer Dukes entered the defendant's residence with the defendant's keys and made a warrantless search prior to falsifying information regarding a confidential informant to obtain a warrant. Defense witnesses supported the defendant's assertion that the officer set off the alarm when he went to the rear of the building ostensibly to locate a street number, and the police entered the defendant's residence prior to obtaining a search warrant. However, Officers Dukes, Beaulieu and Thompson testified that no alarm sounded when Officer Dukes was in the rear of the building. The officers stated that the police did not enter the defendant's residence prior to obtaining the search warrant. Officer Williams testified that Officer Dukes returned the keys to the defendant before he left to check the house for a municipal number. Any claims that there was no informant was countered with the identity of the informant. The defendant failed to show that Officer Dukes' testimony relative to the informant is untrue. Considering the verification provided by Officer Dukes, we conclude that the magistrate and two trial judges did not err in finding that Officer Dukes's statements were truthful.
Accordingly, the defendant's conviction, guilty plea and sentences are affirmed.
AFFIRMED.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976). Defendant's guilty plea was conditioned on reserving his right to seek review of the issue of the validity of the evidence against him.