| iBARRY, Judge.
We grant the State’s application to review the trial court’s decision which granted a motion to suppress (in part) as to evidence seized from 1202 France St. pursuant to a warrant.
According to Officer Marshall’s affidavit in support of the search warrants, he attended a neighborhood watch meeting dining which citizens provided information about drug distribution “from a residence located at 1200 France St. and occasionally from a vacant residence at 1202 France St.” The two addresses comprised a double house. Also in the affidavit Officer Marshall noted that “the subjects also tend to utilize the vacant residence located at 1202 France St. to conduct their transactions.” The citizens reported that prospective buyers whistled or called out to the “occupant(s) of the target location,” who met with the buyer, re-entered the residence, exited and engaged in “hand to hand transactions.” The activities occurred at all times of the day and night.
Based on the information received from the neighborhood watch group, the police set up a surveillance. Officer Marshall observed a male subject walk |2up to “the target location” and whistle. A man exited the residence and engaged in a hand to hand transaction (which involved cash) with the subject. The police did not stop the buyer because he was too close to the residence and his apprehension would have jeopardized the investigation.
Surveillance continued and the officer next observed a male subject on a bicycle approach the side of the “target location,” proceed to the front and then go to the rear. He got off the bike and whistled. The resident appeared, the two men went to the rear and there was an exchange of money for a bulk of items. Other police officers performed a takedown of the customer and a search resulted in the seizure of nine bags of marijuana.
The affidavit ends with a request “to search the target location at 1200 France St. and the adjacent connecting vacant residence at 1202 France St.” The application describes the premises as “1202 France St.— a single family residence, green with green trim. Its (sic) connected to 1200 France St.” The municipal number listed is 1202 and the attached affidavit provides: “APPLICATION FOR ORDER OF SEARCH FOR 1200 AND 1202 FRANCE ST.” The search warrant signed at 5:05 p.m. on May 6, 1995 listed 1200 France St. as the address and a second warrant signed at 7:30 p.m. listed 1202 France St. as the address. Officer Marshall used the same affidavit for both warrants. The return lists evidence seized from both 1200 and 1202 France St.
Officer Marshall clarified facts relating to the surveillance that were not clear in the affidavit. He testified that the neighborhood meeting occurred a couple of days (2 or 3) before the warrant was issued and executed on May 6, 1995. His surveillance was conducted on May 6, 1995. Pursuant to the court’s questions the Officer Marshall stated that the occupant involved in the drug transactions walked out of 1200 France Street. However, the address listed on the warrant application was 1202 France St. Officer Marshall testified that the ^transaction took place at the rear of 1200 France St., but “the defendant was making frequent rounds from 1200 to 1202_” He went on to say: “I observed the defendant going from one location to the next.” The officer said that the defendant “would come out the back door of one and go in the back door of the other.” The officer testified that 1200 and 1202 France Street were separate units with no connecting door and that 1202 France Street was vacant., There was some confusion at the hearing as to whether the first warrant related to 1200 or 1202 France St.
Officer Marshall executed the first warrant (issued at 5:05 p.m.) for 1200 France St. at approximately 6:30 p.m. The search revealed no contraband except a residue of marijuana. The officers scanned the other half of the double for other subjects and maintained an outside perimeter for security. Using the same affidavit, Officer Marshall then obtained a search warrant for 1202 France Street at 7:30 p.m. A search of that address resulted in the seizure of a bulk amount of marijuana.
*848 The trial court noted that the police officer, who was not in bad faith, should have put the information revealed in his testimony into the warrant application. The trial court stated that it could not consider the officer’s testimony, but was bound by the contents of the warrant.

LAW AND ANALYSIS

Generally, searches may only be conducted pursuant to a validly obtained search warrant. A search warrant may be issued “only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for the issuance of the warrant.” La.C.Cr.P. art. 162. Probable cause exists when the facts and circumstances Rwithin the affiant’s knowledge, and those of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that contraband or evidence may be found at the place to be searched. State v. Duncan, 420 So.2d 1105, 1108 (La.1982); State v. Brown, 93-2089 (La.App. 4th Cir. 12/16/94), 647 So.2d 1250; State v. Scott, 499 So.2d 1248 (La.App. 4th Cir.1986). A magistrate’s determination of probable cause to support the issuance of a warrant should be accorded great deference by the reviewing court. When considering a magistrate’s finding of probable cause, the reviewing court must determine whether the “totality of circumstances” set forth in the affidavit is sufficient to allow the magistrate
to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a reasonable probability that contraband ... will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a “substantial basis for ... concluding] that probable cause existed.”
Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); see also State v. Isaac, 93-2094 (La.App. 4th Cir. 7/9/94), 639 So.2d 337, writ denied, 94-1892 (La. 11/29/94), 646 So.2d 398.
An exception to the above rule has been created in cases where a law enforcement officer relies in good faith on a magistrate’s probable cause determination and the technical sufficiency of the warrant. In those cases, exclusion of the seized evidence is not proper. United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
An affidavit supporting a search warrant is presumed to be valid and the defendant has the burden of proving that the representations in the affidavit are [gfalse. Brown, 647 So.2d at 1253. The making of material and intentional misrepresentations to a magistrate involves a fraud on the courts and will invalidate the warrant and the items seized will be suppressed. State v. Byrd, 568 So.2d 554 (La.1990); State v. Rey, 351 So.2d 489 (La.1977). However, if the misrepresentations or omissions are inadvertent or negligent, the warrant will be retested for probable cause after supplying that which had been omitted or striking that which had been misrepresented. State v. Lingle, 436 So.2d 456 (La.1983); Byrd, 568 So.2d at 554. “Intentional,” in this context, means a deliberate act designed to deceive the issuing magistrate. Brown, 647 So.2d at 1253.
The trial court erred by ignoring State v. Lingle, 436 So.2d at 456, and the line of jurisprudence which holds that Officer Marshall’s inadvertent or negligent omission of his observations of the defendant’s movements back and forth between 1200 (where the defendant lived) and 1202 (the vacant half) during the surveillance should be added into the affidavit and the affidavit retested for probable cause. The neighborhood watch group provided information about illegal activities at 1200 France Street and occasionally 1202 France St. The police surveillance corroborated the information relating to drug trafficking at 1200 France St. as well as 1202 France St. Officer Marshall saw the defendant go in and out of both addresses between transactions. With inclusion of the omitted information in the affidavit there was probable cause to support the issuance of the search warrant for 1202 France St.
*849 |6The trial court abused its discretion by granting in part the motion to suppress. That ruling is reversed.

WRIT GRANTED: REVERSED.

PLOTKIN, J., dissents.