703 So.2d 137 (1997)
STATE of Louisiana
v.
Henry ANDREWS.
No. 97-K-2321.
Court of Appeal of Louisiana, Fourth Circuit.
November 13, 1997.
*138 Harry F. Connick, District Attorney, Tracey R. Schwartz-Rangel, Assistant District Attorney, New Orleans, for Plaintiff-Relator.
James C. Lawrence, Jr., Lawrence & Olinde, New Orleans, for Defendant/Respondent.
Before SCHOTT, C.J., and PLOTKIN and CIACCIO, JJ.
SCHOTT, Chief Judge.
On the application of the State of Louisiana we grant certiorari in order to consider the validity of the trial court's granting of defendant's motion to suppress evidence. Defendant is charged with being a convicted felon in possession of a firearm in violation of R.S. 14:95.1. The police found defendant in possession of a .38 caliber revolver while they were executing a search warrant. Defendant contends that the police misrepresented the facts in the affidavit supporting the application for the search warrant and that the affidavit failed to provide a substantial factual basis upon which the magistrate could find a confidential informant and the information he supplied to be reliable.
The police applied for a warrant to search a house in New Orleans for the purpose of seizing stolen automobiles and stolen automobile parts and related documents such as titles and registrations. The affidavit signed by Detective Thomas J. Williams gave the following as the reasons and facts for the request of the search warrant:
Metro Auto Theft Task Force supervisor, S. Menchel received information via National Insurance Crime Bureau confidential informant stating a "Chop Shop" was being operated at 6323 Chartres St. The informant stated that stolen vehicles are brought to this location where they are stripped of their parts and the parts are sold or the vehicles VIN # S are switched and the entire vehicle is sold.
Shortly thereafter, Metro Auto Theft Detective, M. Parker, received information via a confidential informant he (Det.Parker) had worked with in the past and had provided good information on several other stolen automobile cases. The informant stated that an illegal "Chop Shop" was being operated at the previously mentioned address 6323 Chartres St. and further stated the perpetrators were specializing in selling stolen auto parts and changing VIN # S of stolen vehicles.
Detectives M. Parker and T.J. Williams relocated to 6323 Chartres St. and observed various stripped and partially stripped shells of late model vehicles of different makes scattered throughout the yard at the above location.
The appearance of the vehicle shells, and the information received from the two confidential informants lead detectives M. Parker and T.J. Williams to believe an illegal "Chop Shop" was being operated at the residence located at municipal address 6323 Chartres St. Based on the above information this request for a search warrant is respectfully submitted.
At the hearing on the motion to suppress only Officer Williams testified. He stated that "we" received information via confidential informants that the defendant was operating a chop shop out of his residence. However, he further testified that he personally did not speak to the informants, but he knew who did speak to them; that the initial information came through the National Insurance Crime Bureau and was received by its Group Supervisor, Steven Menchel, special agent with the United States Customs Service; but that he, Officer Williams, had no knowledge about the informant or how he came by the information he supplied to Menchel.
Officer Williams testified that, based upon the information he had from Detective Parker and Supervisor Menchel, he and Detective Parker conducted a surveillance of defendant's residence and they saw through holes in the fence numerous auto parts, automobile "hawks", i.e., cars that had been stripped, etc., automobile pieces and "cannibalized" automobiles in defendant's yard; and he thought this corroborated the information furnished by the informant.
After they obtained the search warrant they went to defendant's residence and presented him with it. They asked him if he had any weapons, he admitted that he did, and he retrieved a .38 caliber revolver from a *139 closet. The officers determined that defendant had an extensive criminal record and he was currently on probation for distribution of crack cocaine. So they charged him with being a convicted felon in possession of a firearm.
In State v. Brown, 647 So.2d 1250, 1252 (La.App. 4 Cir.1994), this court reviewed the law applicable to a search pursuant to a warrant: Generally, searches may be conducted only pursuant to a warrant issued by a judge on the basis of probable cause; probable cause exists where the facts and circumstances within the affiant's knowledge and those of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that the evidence may be found at the place to be searched; in considering a magistrate's finding of probable cause a reviewing court must determine whether the totality of circumstances set forth in the affidavit is sufficient to allow the magistrate to make a practical, common sense decision that the evidence will be found in the place to be searched; and that this decision includes not only the veracity of the affiant, but also the basis of knowledge of those persons supplying hearsay information. The task of a reviewing court is simply to insure that the magistrate had a substantial basis for concluding that probable cause existed and his determination of probable cause should be accorded great deference by a reviewing court. State v. Hamilton, 572 So.2d 269, 272 (La.App. 1 Cir.1990). See also State v. Varnado, 95-3127 (La.5/31/96), 675 So.2d 268.
Defendant first argues that the affidavit was defective because Officer Williams who was the affiant had no knowledge about how the informants came to know that defendant was operating a "chop shop". The magistrate was provided with an affidavit from a police officer which stated that not one, but two, informants supplied this information, that Detective Parker had worked with one of them in the past, and this informant had provided good information in the past on several other stolen automobile cases. The magistrate made a practical, common sense judgment that this was reasonably trustworthy information. This will not be disturbed on review in the absence of a showing that the magistrate was misled.
Defendant argues that the affiant's statement that he observed various stripped and partially stripped shells of "late model" vehicles throughout defendant's yard was misleading because the return on the warrant lists as documents and related papers seized many certificates of title and registration only for years between 1970 and 1985. This does not contradict what was said in the affidavit with respect to the shells of automobiles. It simply provides the dates of various documents seized.
We have concluded that the affidavit provided the magistrate with good cause to issue the search warrant, defendant failed to prove that the affidavit misled the magistrate or that the police were in bad faith in framing the affidavit or in obtaining the warrant, and the trial court erred in granting the motion to suppress.
Accordingly, the judgment of the trial court granting the motion is reversed, the motion to suppress is denied, and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.